Bergan, J.
Proof of physical location of the southerly boundary of plaintiff’s land where it adjoins defendant’s land, at 1,508.6 feet from the Wading River Road, is sufficiently reliable to sustain, as consistent with the weight of evidence, its location at this point by the court at Special Term.
The 1847 deed to plaintiff’s grandfather and predecessor in title fixed the southern boundary as being at “ a certain road ”. It conveyed 12 acres “ by measurement ” and the public highway, now Wading River Road, was the northern boundary.
Plaintiff established by the testimony of observations made on survey by an engineer in 1966 and by notations made by another engineer on a map in 1939, and by monuments attributed to that engineer, the physical existence of the remains of an old road at the point found at Special Term to be the boundary.
Defendant offered no proof of physical conditions in the disputed area to refute these factual observations, nor to show the existence of the remnant of an old road at or near the place where it contended the boundary is located.
The “ ditch ” which plaintiff’s surveyor found farther north was not the remnant of a road and was not at the point imputed by defendant to be the disputed boundary, but was at a point consistent with another boundary shown on both surveys of plaintiff. Plaintiff’s engineer testified that he examined the area where defendant contends the boundary is and found no evidence of the existence of a road.
*92 Moreover plaintiff testified that both her grandfather, the original grantee under the 1847 deed, and her father, also a predecessor in title, walked along the old road with her in the early part of this century and both stated that the property then owned by them adjoined that road.
The old road which plaintiff described as “ a logging road ” left the Wading River Road west of her property, curved around the south of the property and then came out into the Wading River Road to the east. She visited the property “often” before 1914. There were no other roads than this one. The road at this time was “ one wagon wide ”; it had ruts. Her grandfather and father told her as they walked along the old road where the boundary of their property was. They said that the boundary was the 11 old logging road ’ ’ and the property was north “ of it ”.
The Trial Judge regarded the declaration of the original grantee as to location as an important part of the proof, and he noted that plaintiff’s grandfather stated that “ the woods road was the southerly boundary of the twelve acre parcel ’ ’. The Judge felt that the 1847 deed reference to a “ certain road ” was of controlling importance and he was led by the proof to locate it at the place fixed by plaintiff and her surveyor.
Parol declarations of a deceased person who owned or was in possession of land, as to the boundary line between him and the land of another, are admissible as an exception to the hearsay rule (Jackson v. McCall, 10 Johns. 377; Beattie v. Garrison, 204 App. Div. 335, affd. 236 N. Y. 574; Partridge v. Russell, 50 Hun 601, opn. in 2 N. Y. S. 529 ; 5 Wigmore, Evidence [3d ed.], § 1562 et seq.). There is discussion in some of these cases about the . need for “ pointing out ” the boundary. The physical means by which the boundary is indicated could not itself be decisive. It is good enough if the declarant, on the scene and in possession of the land, tells the witness where the boundary is. Reference to a road as a boundary ought to be reliable enough.
On cross-examination plaintiff’s engineer testified that the ‘ ditch ’ ’ was along another part of the north-south boundary between plaintiff and defendant (not at the line in dispute) where there is a jog 422.12 feet north of the old road. If that line, conceded by both sides to be the boundary at that point, *93 were continued straight to the west, it would at the point of dispute be the line as defendant claims it.
But there is no proof in the record that this “ ditch ” extended west of the place where it was located by the engineer along a conceded line between the parties; or that it coincided with the line in dispute as defendant would locate it, and the affirmative proof of plaintiff is that no remnant of a road or other physical remnant is observable at that location. This is not factually controverted by defendant.
Moreover the surveys of plaintiff’s land in 1939 and 1966 enclose almost exactly 12 acres, the quantity conveyed “by measurement ” to her predecessors in 1847. Although some of the lines laid down by these surveys are arguable, the existence of the same public highway on the north; the probable identity of the remnant of the old road as the “ certain road ” on the south described in the 1847 deed, and the 12-acre quantum as delineated by the surveys give reasonable support to the conclusion reached at Special Term.
For many years, including 1963-1964, plaintiff’s land was assessed by the Town of Riverhead at 12 acres. The following year (1964—1965), without physical change in the land, it was reduced on the assessment roll to 4.1 acres; whereupon this and other actions were instituted by plaintiff. Taxes were regularly paid by plaintiff and her predecessors in title.
Defendant’s claim of title to the land north of the disputed point of the old road rests on a tax deed from Suffolk County to defendant’s predecessor dated June 23, 1954 based on unpaid taxes for 1946-1947 on lots in Manor Park, Section A.
These lots were shown by a map of Manor Park filed in the County Clerk’s Office in 1934. But the title of the county for unpaid taxes was no greater than the title of the party against whom the assessment was made. The proof is that the lots and streets shown on the map in the disputed area were on paper only and nothing on the ground there indicates their location.
The tax deed, conclusive as it is, conveyed only that which is capable of definite location on the land itself which is described without dispute on this record as 1 ‘ vacant, unimproved, dense scrub oak which is difficult to traverse ’ ’.
In view of the finding by the Trial Judge that the line between plaintiff’s land and defendant’s land is located south of the *94 point contended for by defendant and that the town for the 1946-1947 tax year which gave rise to defendant’s title assessed plaintiff’s land at 12 acres for a tax which was paid, it must be found, consistent with the result reached at Special Term, that the 1954 tax deed did not affect plaintiff’s title to land north of the disputed point (Cameron Estates v. Deering, 308 N. Y. 24).
The order should be reversed and the judgment at Special Term reinstated, with costs.
Chief Judge Fuld and Judges Scileppi, Breitel, Jasen and Gibson concur; Judge Burke taking no part.
Order reversed, with costs, and judgment of Supreme Court, Suffolk County, reinstated.