■ WESLEY CASABURI, Respondent, v JOHN J. Dow, Appellant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered December 13, 1982 in Ulster County, which, *inter alia,* granted summary judgment to plaintiff. ¶ Starting in June, 1975, defendant rented a lot from Douglas and Margaret Kolvenback in the Town of Rochester, Ulster County, where he parked his mobile home. The Kolvenbacks subsequently defaulted in the payment of real property taxes on the lot, which was then sold at a tax foreclosure sale to plaintiff. The deed from the County of Ulster to plaintiff, dated August 10, 1979, purported to convey "3 Acres, described as Trailer". Plaintiff then brought suit, pursuant to RPAPL article 15, to bar defendant's claim to the mobile home. ¶ Special Term granted summary judgment in favor of plaintiff, ruling that the mobile home was part of the realty and was conveyed to plaintiff via the tax foreclosure deed. We reverse. ¶ Special Term based its decision on section 102 (subd 12, par [g]) of the Real Property Tax Law which provides that "[t]he value of any trailer or mobile home shall be included in the assessment of the land on which it is located". The court concluded that since the value of defendant's mobile home was assessed against the Kolvenbacks, it was subject to the foreclosure sale following their default in payment of the real property taxes, and that the mobile home was conveyed to plaintiff by the tax sale deed together with the land on which it was parked. This reasoning is faulty. ¶ While the value of defendant's trailer was assessed to the Kolvenbacks for tax assessment purposes under section 102 (subd 12, par [g]) of the Real Property Tax Law, they certainly did not obtain title to defendant's mobile home by this procedure.* Ownership of the mobile home remained in defendant. Title acquired under a tax deed is no greater than that of the parties assessed against (*Hannah v Baylon Holding Corp.,* 28 NY2d 89, 93; 5A Warren's Weed, NY Real Prop [4th ed], Tax Sales, § 2.34). Since the Kolvenbacks never had title to defendant's mobile home, it is clear that the county did not obtain title thereto by foreclosing on the basis of the Kolvenbacks' tax indebtedness on the lot where it was parked. Hence, the county could not convey title to defendant's mobile home to plaintiff by the deed which transferred title to the lot. ¶ Were we to hold otherwise, section 102 (subd 12, par [g]) would have the following unconstitutional results. In the event of a tax foreclosure proceeding, the owners of real property on which mobile homes are parked would receive notice of the foreclosure action, but the owners of the mobile homes, not listed on the assessment rolls as such, would not. The result would be that the mobile homes could be seized and sold at a foreclosure sale before their owners had received notice of the foreclosure and had been afforded an opportunity to be heard. They would thereby be deprived of their property without due process of law (see *Fuentes v Shevin,* 407 US 67, 80). The statute should not be interpreted so as to bring about an unconstitutional result. Accordingly, we reverse and grant summary judgment in favor of defendant. ¶ Order reversed, on the law, without costs, and summary judgment dismissing the complaint is granted to defendant. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

* The legislative purpose of section 102 (subd 12, par [g]) of the Real Property Tax Law was to ensure that mobile home owners receiving the benefits of public services from municipalities where their homes were parked would pay for them, albeit indirectly, through the increased rent which would be charged to them by the owners of the lots on which the homes were parked, against whom the value of the mobile homes was assessed (see Memorandum of Association of Towns, March 30, 1954, Governor's Bill Jacket, L 1954, ch 726; see, also, *New York Mobile Homes Assn. v Steckel,* 9 NY2d 533, app dsmd 369 US 150).