■ PHROSEN REDDICK et al., Appellants, v COUNTY OF CHEMUNG, Respondent.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered December 26, 1984 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.

On May 2, 1977, the Chemung County Treasurer, pursuant to Real Property Tax Law § 1122, filed in the County Clerk's Office a duly verified list of all parcels of real property in the county upon which liens for unpaid taxes, assessments or other legal charges had been in existence for at least four years. Included in the list of real property was a parcel in the Town of Baldwin assessed to William and Vercal Dixon, consisting of five acres on Wyncoop Creek Road, and listing liens for unpaid county, town, fire, solid waste and school taxes for the years 1973 through 1977. On February 1, 1979, a judgment in an action in rem was entered foreclosing the liens and awarding possession of the listed properties to defendant. The subject Dixon parcel was included and title was conveyed to defendant by deed dated February 2, 1979. It appears that plaintiffs each owned a mobile home which they had placed upon the Dixon property prior to the year 1977 and that each resided in one of the mobile homes.* On or about September 16, 1982, defendant sold and conveyed the Dixon parcel to Philip Green and his wife. Defendant repre-

---

* Plaintiff Phrosen Reddick is the mother of plaintiff William Reddick and of Vercal Dixon, one of the fee owners of the land.

sented that it owned the two mobile homes and purported to transfer them to the purchasers, who assumed possession. In 1983, plaintiffs commenced this action against defendant to recover damages, alleging causes of action in negligence, conversion and the taking of property without due process. Special Term's grant of defendant's motion for summary judgment dismissing the complaint has given rise to this appeal. We reverse.

The case of *Casaburi v Dow* (100 AD2d 693) involved an in rem foreclosure sale in which a mobile home located upon the real property and owned by a lessee of the property was included in a deed by Ulster County to the purchasers. Special Term in that case held that Ulster County had acquired title to the mobile home and could convey same. This court reversed, finding that while the value of the mobile home could be assessed to the fee holder of the realty for tax assessment purposes under Real Property Tax Law § 102 (12) (g), the fee holder did not acquire title to that mobile home. Ownership of the mobile home remained in the lessee. This case is virtually indistinguishable from the *Casaburi* decision. Since title to real property acquired under a tax deed is no greater than that of the parties assessed against *(Hannah v Baylon Holding Corp.*, 28 NY2d 89, 93; 5A Warren's Weed, New York Real Property, Tax Sales § 2.34 [4th ed]), defendant did not obtain title in the foreclosure proceeding and thus could not convey the mobile homes to the Greens. To hold otherwise would be a deprivation of plaintiffs' property without due process of law *(see, Fuentes v Shevin*, 407 US 67, 80). Accordingly, we reverse and grant plaintiffs' cross motion for summary judgment.

Order reversed, on the law, with costs; motion denied, cross motion granted and summary judgment granted to plaintiffs, and matter remitted to Special Term for an assessment of damages. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.