■ MARTHA BARKUS et al., Appellants, v PHILIP FUSCO et al., Respondents. [606 NYS2d 10] —In an action pursuant to RPAPL article 15 to quiet title to a parcel of land constituting the bed of a lake, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.), dated March 28, 1991, which, *inter alia,* granted the motion of the defendant Philip Fusco, joined in by the other defendants, for summary judgment, declared that he is owner of the property, and severed and continued the counterclaim of the defendants Bruce Coulter, Louise Coulter, B & L Realty Co., John MacGregor, Leona MacGregor, and Cambridge Realty Associates.

Ordered that the order and judgment is reversed, on the law, with costs, and the motion for summary judgment is denied.

This action involves a dispute over title to Trout Lake, a dried-up freshwater lake in Hempstead, New York. The plaintiffs, Martha Barkus and Shirley Hershkowitz, own lot 74 on the western side of the dried-up lake, and lots 44 through 55 on the eastern side of the lake. The defendant Philip Fusco owns lot 73 on the western side of the former lake, and the remaining defendants are contract vendees who have agreed to purchase Fusco's interest in Trout Lake.

In May 1990 the plaintiffs, asserting that they owned Trout Lake in its entirety, commenced this action pursuant to RPAPL article 15 to compel a determination of title to the dried-up lake bed. The defendant Fusco subsequently moved, *inter alia,* for summary judgment, submitting evidence that his deed granted him ownership of his land up to the shoreline of Trout Lake "as the same existed on February 19,

1959". The documentary evidence submitted in support of Fusco's motion included a survey which indicated where the shoreline of Trout Lake was located in 1959. The remaining defendants also joined in Fusco's motion to dismiss, arguing that under New York law, Fusco's deed carried his title to the center of the dried-up lake bed. In opposition to the motion, the plaintiffs submitted an affidavit from a licensed surveyor which disputed the location of the 1959 shoreline of Trout Lake depicted in the survey relied upon by the defendants.

The Supreme Court granted the defendants' motion for summary judgment, concluding that under the common-law rule, the defendant Fusco's title extended to the center of the dried-up portion of Trout Lake lying to the east of his parcel. In reaching its determination, the court rejected the plaintiffs' argument that the 1959 survey upon which the defendants relied inaccurately described the shoreline of the lake. We now reverse.

As a general rule, a grant of land adjacent to a small lake carries title to the center thereof *(see, People v System Props.,* 2 NY2d 330; *White v Knickerbocker Ice Co.,* 254 NY 152, 158; *Town of Guilderland v Swanson,* 29 AD2d 717, *affd* 24 NY2d 872), and we note that the parties to this appeal do not challenge the determination of the Supreme Court that the defendant Fusco's title extends to the center of Trout Lake. The plaintiffs contend, however, that the Supreme Court erred in awarding the defendants summary judgment, because an issue of fact exists as to the location of the 1959 shoreline of Trout Lake, which affects the determination of where the center of the lake is located, and, consequently, the parties' current ownership rights to the lake bed. We agree. The affidavit of the plaintiffs' surveyor disputed the location of the shoreline depicted in the survey submitted by the defendants, thus presenting an issue of fact central to the resolution of the parties' respective rights and interests in Trout Lake. Accordingly, an award of summary judgment was inappropriate under the circumstances of this case. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.