■ HELEN D. MORGANTEEN, Respondent, v AMY R. BRENNER et al., Appellants. [814 NYS2d 213]—

In an action pursuant to RPAPL article 15, inter alia, to determine the rights of the parties to certain real property, the defendants Amy R. Brenner and James B. Leonard appeal from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 24, 2004, which denied their motion for summary judgment dismissing the complaint and, upon searching the record, awarded summary judgment in favor of the plaintiff and against them, and (2) a judgment of the same court, dated January 10, 2005, which, upon the order, determined that the plaintiff held title to the disputed property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The relevant facts are not in dispute. The County of Dutchess (hereinafter the County) foreclosed on an 11.10-acre parcel of vacant land in the Town of Dover (hereinafter the parcel) to enforce the payment of unpaid taxes. After a judgment was entered in its favor, the County recorded a tax sale deed on July 7, 1999, which, in reliance on a tax map prepared by the defendant Dutchess County Real Property Tax Service (hereinafter RPTS), described the location of the parcel as being within the plaintiff's property. The defendants Amy R. Brenner and James B. Leonard (hereinafter the defendants) entered into a contract to purchase the parcel from the County, and thereafter commissioned a survey. The surveyor, in reliance on the tax map prepared by RPTS, and without conducting a field survey, also located the parcel within the plaintiff's property. The defendants purchased the parcel in November 1999 and, relying on the survey they had commissioned, thereafter reconveyed title to the parcel to themselves.

The plaintiff commenced this action to determine ownership of the parcel depicted on the tax map. Through field surveys that referred to prior deeds of both the disputed parcel and the plaintiff's property, the plaintiff established that the tax map was erroneous in placing the parcel on her property and that the parcel conveyed to the defendants was actually located elsewhere. In opposition, the defendants failed to raise a triable issue of fact. In describing the disputed parcel's location as being within the plaintiff's property, the defendants' surveyor merely relied upon and replicated the tax map's erroneous estimation of the location of the disputed parcel, which was not sufficient to raise a triable issue of fact as to the parcel's true location (*see Boons v Martocci,* 268 AD2d 616, 619-620 [2000]; *see also Hannah v Baylon Holding Corp.,* 28 NY2d 89 [1971]; *J.K.S.P. Rest. v County of Nassau,* 127 AD2d 121 [1987]; *Reddick v County of Chemung,* 114 AD2d 559 [1985]; *cf. Barkus v Fusco,* 199 AD2d 450 [1993]).

The defendants' remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.