■ THE SHORE OWNERS ASSOCIATION OF CHASE'S LAKE, INC., Respondent, v THE PEOPLE OF STATE OF NEW YORK, Appellant, et al., Defendants. [882 NYS2d 618]—Appeal from a judgment of the Supreme Court, Lewis County (Joseph D. McGuire, J.), entered January 14, 2008 in an action pursuant to RPAPL article 15. The judgment, insofar as appealed from, granted that part of plaintiff's motion seeking a declaration with respect to the width of certain roadways.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the declarations with respect to the width of the roadways in question are vacated.

Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 seeking, inter alia, a declaration that defendant the People of the State of New York (State) "be barred from all claims to an estate or interest in" certain roadways surrounding Chase Lake in the Town of Watson, New York. The State correctly concedes that Supreme Court properly granted that part of plaintiff's motion seeking a declaration that plaintiff is the owner of the roadways in question, but the State contends that the court erred in granting that part of plaintiff's motion seeking declarations with respect to the width of those roadways. We agree. In moving for that relief, plaintiff had the initial burden of establishing its entitlement to judgment of a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and we conclude that plaintiff failed to meet its burden with respect to the width of the roadways. Indeed, we note that the tax maps and lot line survey relied upon by plaintiff in support of its motion are inconsistent (*see generally Morganteen v Brenner*, 28 AD3d 725, 726-727 [2006], *lv denied* 7 NY3d 707 [2006]; *Gallas v Duchesne*, 268 AD2d 728 [2000]). Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.