■ SEINE BAY REALTY, INC., et al., Appellants, v PAUL JONES et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered May 9, 1984 in Clinton County, which, *inter alia,* denied plaintiffs' motion, in an action pursuant to RPAPL article 15, for summary judgment on their first and second causes of action.

This action was brought pursuant to RPAPL article 15 to determine claims to certain real property in the Town of Dannemora, Clinton County. Defendant Lowenberg Development Corporation (Lowenberg) conveyed 86 acres of its 149 acres of undeveloped land to plaintiff Seine Bay Realty, Inc. (Seine) by deed recorded on March 13, 1967. Plaintiff George Moore and defendant Bennett T. Clute were the sole officers, directors and shareholders of Seine, which was apparently dissolved by proclamation prior to commencement of this action for failure to pay back taxes. Clute is also the sole shareholder, officer and director of Lowenberg and defendant B. T. Clute Corporation.

In 1981, Moore learned that defendant Clinton County allegedly acquired all 149 acres of the above-mentioned property by a tax deed from the County Treasurer in 1974 for unpaid 1970 property taxes. This deed described the property as: "Lot 251        149 acres Sub division [*sic*] map on file in County Clerk's Office." Apparently, the County never updated its tax records to reflect the conveyance of the 86 acres from Lowenberg to Seine. As a result, all assessments against Lowenberg were made on the total 149-acre parcel and all

notices were sent to Lowenberg in care of Clute as an officer of Lowenberg.

On about June 6, 1975, Lowenberg redeemed the property by tendering the delinquent 1970 taxes in the amount of $658.50. The deed of conveyance contained a description similar to that given in the deed from the County Treasurer. Lowenberg then conveyed the property to defendant Paul Jones to secure money advanced by Jones for payment of delinquent taxes. Jones apparently reconveyed the property back to Lowenberg upon repayment of the amount advanced.

Plaintiffs moved for summary judgment on their first and second causes of action. Defendants apparently cross-moved for an order dismissing the complaint. Both motions were denied by Special Term and this appeal by plaintiffs ensued.

Plaintiffs contend that both the tax sale and the subsequent conveyance of the subject property by the County to Lowenberg are void for uncertainty, because the deeds attempting to convey the property contain inadequate descriptions of the property. This contention is well taken. We also find meritorious plaintiffs' arguments that, in any event, the deed's attempt to convey property different from that owned by Seine and, additionally, that the County's failure to give Seine actual notice of the tax sale and assess it as the owner deprived them of their due process rights. Where a deed description is insufficient "to enable a purchaser upon a tax sale to locate [the subject property]", the conveyance is void for uncertainty (*People ex rel. Buffalo Burial Park Assn. v Stilwell*, 190 NY 284, 293; *see, Peterson v Martino* 210 NY 412, 420). The tax deed's description in this case does not identify, or provide a means of identifying, the 86 acres in question.

The tax assessment and the tax sale are also constitutionally infirm. Where, as here, the legal owner of the assessed property is readily ascertainable from the real property records, the assessor is required to give the owner personal notice (Real Property Tax Law § 500; *Congregation Yetev Lev D'Satmar v County of Sullivan*, 59 NY2d 418, 425; *see, Mennonite Bd. of Missions v Adams*, 462 US 791, 797; *see also, Mullane v Central Hanover Trust Co.*, 339 US 306, 314). There is no dispute that Seine was the duly recorded legal owner, that all notices were sent to Lowenberg in care of Clute and that no notices would have been given plaintiffs or any other person or corporation.

It is irrelevant that Moore may or should have known that taxes were unpaid by reason of being Seine's treasurer and

because he had possession of Seine's checkbook. "[A] party's ability to take steps to safeguard its interests does not relieve [a municipality] of its constitutional obligation" (*Mennonite Bd. of Missions v Adams, supra,* p 799).

As a consequence of the invalid assessment and tax sale, the County had no legal title to transfer to Lowenberg. Lowenberg, in turn, could convey nothing to Jones. Legal title to the property therefore remained in Seine and plaintiffs are entitled to judgment, as a matter of law, declaring Seine the legal owner thereof. Thus, Special Term erred in denying plaintiffs' motion for summary judgment on their second cause of action. However, Special Term properly denied summary relief on plaintiffs' first cause of action as that cause of action also alleged fraud. Defendants dispute the fraud claim, thus raising triable issues of fact.

We have examined plaintiffs' other contentions of error and find them unconvincing.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for summary judgment on their second cause of action; said motion granted to the extent that Seine Bay Realty, Inc., is declared the legal owner of the 86-acre tract of property; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.