In the Matter of ANDREW PECK et al., Respondents, v THEO-
DORE GROHOLY, Appellant.

Third Department, November 5, 1987

APPEARANCES OF COUNSEL

*Andrea Moran* for appellant.

*Qualtere, Graham & Redder (Peter C. Graham* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Nicholas D'Elia was the record owner of a cottage and parcel of land located on Ingersol Road in the Town of Shandaken, Ulster County. The real property taxes on the land were unpaid in 1981. The county issued a notice of tax sale to D'Elia at his New Jersey address as it appeared on the county tax rolls. At about the same time, D'Elia transferred the property to Patricia and Theodore Kramer, although they did not record their deed until some months later. The county next issued a notice of unredeemed lands to D'Elia. The Kramers, apparently not yet appearing on the tax rolls despite the fact they were then record owners of the property, were not sent this notice.

Approximately one year later, the Kramers sold the property to respondent and his wife for $13,500. Respondent and his wife never recorded their deed. Following the procedures set forth in Real Property Tax Law article 10, the county issued a final notice to D'Elia and the Kramers in April 1985 and deeded the property to itself in October 1985, 16 months after the unrecorded transfer to respondent and his wife. Upon public auction of the property, the bid of $4,000 by petitioners was accepted and the property was deeded to them in February 1986.

In April 1986, petitioners commenced this summary proceeding for possession of the property. Respondent answered and commenced an action along with his wife under RPAPL article 15 to quiet title to the property, naming petitioners and the county as defendants. Respondent then moved for a stay of the proceeding to permit time to move for consolidation of the action with the summary proceeding. County Court denied the motion and held a trial of the summary proceeding in September 1986. County Court found that the county had complied with the notice provisions of the Real Property Tax

Law and granted the petition, ordering the eviction of respondent and his wife. This appeal by respondent ensued.

While Real Property Law § 291 provides that a subsequent transferee can prevail over another if the transfer was made in good faith, for a valuable consideration and recorded first, this record clearly establishes that respondent failed to record his deed. Thus, petitioners argue that since they undisputably recorded first and took from the county, whose deed was also recorded, petitioners' title from the county is predicated upon a valid tax sale. This conclusory allegation, while facially accurate, is necessarily premised upon the validity of the county's title acquisition (see, Seine Bay Realty v Jones, 112 AD2d 573, 574-575). To take title to real property for unpaid taxes, the county was required to comply with the statutory procedures (see, Real Property Tax Law art 10; Mastronardi v Mitchell, 109 AD2d 825).

While it is clear that a notice of tax sale was sent to D'Elia, the record owner in 1981, it is unclear when that notice was mailed. No certificate of tax sale was presented, nor was any date of its issuance alleged (cf., Culspar, Inc. v County of Essex, 119 Misc 2d 4). Since the Kramers took the property by deed dated May 29, 1982, it is at least arguable that the Kramers took title without actual or constructive notice of the tax sale.

Next, while notice of unredeemed lands was issued the following year (see, Real Property Tax Law § 1014 [3]) by mail to D'Elia and by publication listed under the name D'Elia, no notice was sent to the Kramers nor was their name listed in the publication despite the fact that their deed was recorded in December 1982. Apparently, the tax assessment rolls had not been updated. The county had an obligation to update the tax assessment rolls by examining the recorded deeds (see, Real Property Tax Law § 500; Tobia v Town of Rockland, 106 AD2d 827, 828). Therefore, it is entirely conceivable that the 1983 notice was defective as it was issued to and against one who was no longer the owner of record.

Under due process standards, a mortgagee or, as here, a grantee reasonably identifiable from the records must be personally notified of an impending tax sale (see, Mennonite Bd. of Missions v Adams, 462 US 791). Notification must be attempted by means calculated to achieve that end (supra, at 799). A tax assessor is chargeable with the facts ascertainable from the real property records as well as the tax records (see,

*Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418, 425-427).

Also, the county had updated its tax rolls by April 1985 when the final notice was issued. Notice was sent to both D'Elia and the Kramers. Respondent, who had never recorded his deed, did not receive the final notice. However, despite respondent's failure to file the deed, he may raise the issue of the regularity of the county's tax sale. Respondent and his wife are in privity to the Kramers' title and the time period for a challenge to the tax sale procedures has not expired *(see,* Real Property Tax Law § 1020 [4]). The county cannot create a title greater than that of the assessed property owner *(see, Casaburi v Dow,* 100 AD2d 693) and creating any title at all depends upon the statutory mandates. If the tax sale was defective, the county had no title to convey to petitioners. Accordingly, title would have remained in the Kramers and respondent and his wife as their transferees *(see, Seine Bay Realty v Jones,* 112 AD2d 573, *supra).*

Therefore, we conclude that upon this record any determination of the critical factual issues would be speculative. The county should be required to prove that the tax sale was properly conducted and that the title transferred to petitioners was valid. County Court erred when it denied respondent's motion for a stay of the proceeding to permit him time to move for consolidation of the action under RPAPL article 15 to quiet title, naming petitioners and the county as defendants, with petitioners' summary proceeding for possession of the property. Since County Court should have granted respondent's motion, we remit this matter for that purpose.

KANE, WEISS, MIKOLL and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent herewith.