■ MARGARET HERNANDEZ, Respondent, v SUSAN HABERLE, Also Known as SHARON FERRIS, et al., Defendants, and DOROTHY H. BOWDEN, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 23, 1989 in Ulster County, which, *inter alia,* granted plaintiff's motion for summary judgment against various defendants.

The issue presented on this appeal is whether, in a tax sale proceeding under RPTL article 10, the failure of Ulster County (hereinafter the County) to give defendant Dorothy H. Bowden, the mortgagee of record, notice reasonably calculated to apprise her of the impending tax sale deprived Bowden of a substantial property interest without due process of law,

thereby nullifying the tax sale proceeding as to Bowden. We answer the question in the affirmative. The order of Supreme Court should therefore be modified by reversing so much thereof as granted plaintiff summary judgment against Bowden. The tax sale, as well as the County's conveyance of the property insofar as it affected Bowden's mortgage, should be annulled, and Bowden's mortgage should be reinstated in full force and effect.

Plaintiff commenced this action under RPAPL article 15 to compel a determination of claims to certain tax delinquent property after having acquired the property at a public auction from the County. The record owner of the property was defendant Sharon Haberle who, in October 1978, gave a mortgage on the property to Bowden to secure a $22,500 debt owing to Bowden. This mortgage was recorded in the County Clerk's office on October 12, 1978. As of May 31, 1985, $18,853.22 plus interest remained unpaid on the mortgage.

Haberle failed to pay her real estate taxes due in January 1980 and the Town of Wawarsing, located in the County, began proceedings which led to the tax sale to the County and subsequent conveyance at public auction. The County purchased the property for $739.74 at the tax sale on September 25, 1981 under RPTL article 10. A tax deed dated October 1, 1984 was issued to the County and recorded October 21, 1986. The County had mailed a notice of the tax sale to Haberle in June 1981 and published a public notice of the sale of land for unpaid taxes in local newspapers. However, no notice of this tax sale was ever mailed to or served on Bowden. Thereafter, in 1982, a notice of unredeemed lands was mailed to Haberle and published in local newspapers. This notice advised that the property would be conveyed to the purchaser (the County) at the tax sale if the property was not redeemed by payment of the tax due by September 23, 1982. However, again no notice of this event was ever mailed to or served upon Bowden.

An affidavit by Laurie Smith, a tax searcher in the County Treasurer's office, stated that a final notice was "given to the record owner advising her that the * * * County Treasurer is going to give a deed to the County". Examination of a copy of this notice, however, reveals that the notice was undated, was addressed to Haberle and did not contain Bowden's name. In addition, the notice was apparently not mailed until after the tax sale deed was delivered to the County inasmuch as it declared that the date of delivery of that deed was October 1, 1984. Bowden denies receiving a copy of said notice. Smith

also stated that "[p]ursuant to routine procedures of the * * * County Treasurer's Office, copies of the final notice * * * were mailed to each mortgagee and judgment creditor of record identified in [her] examination [of title]". A copy of Smith's title examination indicates that said examination and notice occurred after October 21, 1986 inasmuch as the document contains notations dated September 18, 1986 and October 21, 1986. Smith's affidavit also states that Bowden was again notified by a notice dated September 12, 1985 mailed to her advising that a public auction was imminent in October 1985. Bowden admits receiving this notice.

A bankruptcy proceeding filed by Haberle delayed the public auction. Bowden claims that the September 12, 1985 notice was her first notice of the tax sale. Bowden asserts that she believed that the tax sale was set aside by virtue of Haberle's alleged partial payment of back taxes. Bowden claims that she first became aware that the property had been sold in September 1987 and requested information from the County about it on April 7, 1988.

Supreme Court granted plaintiff's motion for summary judgment against all defendants except defendants State Tax Commission and Workers' Compensation Board. Bowden's *pro se* cross motion for summary judgment was denied. This appeal by Bowden ensued.

RPTL article 10 provides for the enforcement of collection of delinquent real property taxes through the mechanism of the tax sale. RPTL 1024 gives a mortgagee of record the right to redeem the delinquent property for a period of three years following the tax sale. However, it does not provide for the mailing of any notice to the mortgagee of record of either the tax sale or of the running of the redemption period. Bowden argues that the failure to provide for such notice is a fatal defect in the statutory scheme which deprived her of a property interest without due process of law *(see, Mennonite Bd. of Missions v Adams,* 462 US 791, 798-800; *see also, Matter of McCann v Scaduto,* 71 NY2d 164, 176; *Matter of Peck v Groholy,* 131 AD2d 146, 148). In our view the notice required by *Mennonite Bd. of Missions v Adams (supra)* and its progeny was not given to Bowden. It is clear that the first notice sent to Bowden was not only after the tax sale had taken place on September 25, 1981 but also after the statutory redemption period under RPTL 1024 had expired on September 25, 1984.

Consequently, the September 25, 1981 tax sale had a material and substantial effect on Bowden's property interest in her mortgage. Prior to the tax sale Bowden could have had

the $739.74 tax bill paid and thus have protected and preserved her mortgage interest. After that event, much more was required of Bowden. The detrimental impact on Bowden's mortgage interest was exacerbated by each transaction subsequent to the tax sale which occurred without notice to her. Bowden's property interest was therefore substantially impaired and diminished and she was deprived of her due process rights (see, Matter of McCann v Scaduto, 71 NY2d 164, 176, supra). This lack of due process requires that the tax sale be set aside as to Bowden's mortgage interest in the subject property (see, Matter of Peck v Groholy, 131 AD2d 146, 148, supra).

There being no triable issue of fact to be determined, summary judgment should be granted in favor of Bowden.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment against defendant Dorothy H. Bowden; motion denied to that extent and said defendant's cross motion for summary judgment granted to the extent of annulling the tax sale and conveyance insofar as it affected her mortgage interest, and said mortgage is reinstated; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.