■ S.A.B. ENTERPRISES, INC., Appellant, v STEWART'S ICE CREAM COMPANY, INC., et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered November 12, 1990 in Greene County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this action pursuant to RPAPL article 15 seeking, *inter alia,* a declaration that it is the owner of certain real property located in the Village of Athens, Town of Athens, Greene County. The property was purchased by defendant County of Greene (hereinafter the County) at a March 1974 tax sale conducted pursuant to RPTL article 10, and the County ultimately sold the unredeemed land to defendant Stewart's Ice Cream Company, Inc. in 1979. Plaintiff had purchased the property in December 1967 and contends that the tax sale, which was based upon plaintiff's failure to pay Town, County and school taxes for the 1972 tax year, is void.

According to plaintiff, the notice of tax sale, notice of unredeemed lands and final notice of tax sale were inadequate. Contrary to plaintiff's claims, the contents of the notice of tax sale and notice of unredeemed lands and the manner in which they were sent to plaintiff and published complied with the relevant statutory requirements (RPTL 1002, 1014). In its mailings of the notices, all of which were sent to the same address in the City of Hudson, Columbia County, the County was entitled to rely on the record information, with the taxpayer bearing the burden of keeping its mailing address current *(see, Matter of Girrbach v Levine,* 132 AD2d 41, 43). The final notice was sent to plaintiff by certified mail, return receipt requested *(see,* RPTL 1022 [1] [b]), and the return receipt was signed by Janice Kadan, the daughter of one of plaintiff's principals. Plaintiff claims that Kadan was a minor at the time and, therefore, the notice was invalid. The claim has no support in fact or in law. The record does not establish that Kadan was a minor when she signed the return receipt and RPTL 1022 (1) (b) does not proscribe receipt of the notice by a minor. Plaintiff's due process claim is also meritless, for the County provided notice reasonably calculated, under all

the circumstances, to apprise plaintiff of the pendency of the tax sale proceedings and afforded plaintiff an opportunity to present its objections (see, *Keiser v Young,* 181 AD2d 170, 173, *lv denied* 80 NY2d 761).

Plaintiff also contends that the tax sale proceedings were invalid because of the inadequate description of the property contained in the various notices. Although the property was purchased as a single parcel by plaintiff in 1967, it was taxed as two parcels because a portion of the property was used for commercial purposes and the remainder for residential purposes. According to plaintiff, the total of the dimensions of the two tax parcels contained in the challenged description exceeds the dimensions of the single parcel it purchased. Pursuant to RPTL 504 (4), an error or omission in the description of a parcel of real property "shall not prevent the levy, collection and enforcement of the payment of the taxes thereon if the parcel can be identified and located with reasonable certainty". An examination of the descriptions reveals that this statutory standard has been met. For example, the commercial parcel was described as follows: "S.A.B. Enterprises, Inc., Market Street, Laundry, B'd N by Greco, E by Washington Street, S by Market Street, W by Brady, 90 × 150 feet." We find no merit in plaintiff's suggestion that because the 90-foot by 150-foot dimension is inexact, the property could not be located with reasonable certainty (see, *Goff v Shultis,* 26 NY2d 240).

Plaintiff claims that it intended to pay the taxes and attempted to do so. This claim is based upon the testimony of two of plaintiff's principals, who testified that they were told by an unnamed person in the office of the Village of Athens tax collector that all of the taxes on the subject property for the 1972 tax year could be paid to the Village, which would distribute the payment to the appropriate taxing authorities. According to one of the principals' testimony, the tax collector totaled the Village, Town, County and school taxes, following which the principal wrote a check to the Village for that amount. A second check was also written to the Village by plaintiff. Defendants presented evidence that the Village did not accept payments for any taxes other than Village taxes and that the checks received by the Village from plaintiff were in payment of Village taxes, assessments and penalties. The conflicting evidence presented a question of fact for the jury and it specifically rejected plaintiff's claim. There is no basis for disturbing the jury's verdict (see, *Fieldy v Weimer,*

169 AD2d 961, 962). We have considered plaintiff's other arguments and find them meritless.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.