■ Rose M. Barnaby, Respondent, v James Barnaby, Appellant. [640 NYS2d 669] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 4, 1995 in Saratoga County, which denied defendant's motion to vacate an order of the Family Court for lack of subject matter jurisdiction.

Plaintiff commenced this divorce action—in which she seeks, *inter alia*, an award of child support—in September 1990, and issue was joined the following month. Then, in November 1991, while this action was still pending, and though no order referring the support issue had been entered, plaintiff filed a petition in Family Court requesting child support. Defendant did not challenge the petition on jurisdictional grounds, however, and in October 1992, after plaintiff objected to the decision initially rendered by the Hearing Examiner (which had directed that defendant pay only minimal support), Family Court modified that order and established defendant's obligation at $173 per week.

Defendant, who was incarcerated from May 1992 until May 1994, has paid nothing pursuant to this order, and substantial arrearages have accrued. The order was not appealed, nor has any attempt been made to have it vacated, until the instant motion was brought in December 1994 to set it aside for lack of jurisdiction. Supreme Court denied the motion, prompting this appeal.

As a general matter it can be said that, because a matrimonial action was pending in Supreme Court when the support petition was filed, the issue of support had not been referred by that court to Family Court, and plaintiff was not in danger of becoming a public charge, Family Court lacked authority to entertain plaintiff's support petition (*see,* Family Ct Act § 464; *Lapiana v Lapiana,* 67 AD2d 966). Precisely at issue, however, is whether, by doing so, Family Court acted in an area which is beyond its subject matter jurisdiction. Defendant claims that this is in fact the case, and that the resulting support order is therefore null and void. Plaintiff, on the other hand, maintains that since Family Court has jurisdiction to decide support proceedings in general, the requirements set forth in Family Court Act § 464 merely establish a condition precedent to the court's rendering of judgment on the merits, and as noncompliance with that condition was never raised in the court of first instance, the need to comply was waived.

We affirm. Family Court undeniably has jurisdiction of the general subject matter, that is, the authority to decide this " 'kind of case' " (*Matter of Rougeron,* 17 NY2d 264, 271, *cert denied* 385 US 899)—one seeking support for dependents. In this legal realm, its jurisdiction is not strictly limited to situations where there is no matrimonial action pending in Supreme Court; indeed, even in that instance, the issue of support may properly be adjudicated in Family Court if certain case-specific factual predicates are satisfied (*see,* NY Const, art VI, § 13 [b]; Family Ct Act §§ 411, 464).

Family Court was, at the very least, empowered to determine whether the record established the existence of any grounds that would allow it to reach the merits of the petition. The fact that the court was technically competent to do no more than ascertain whether it had jurisdiction over the matter, and to dismiss or transfer it upon finding that the requisite conditions had not been met, does not render the resulting order a nullity. And this is so even if that order erroneously reaches the merits (*see, Nuernberger v State of New York,* 41 NY2d 111, 113; *Matter of Rougeron, supra,* at 271). Application of this rationale confirms that the instant motion was properly denied,

for while the order defendant seeks to vacate may have been vulnerable upon a timely direct appeal, it is not subject to a collateral attack of this type (see, *Lacks v Lacks*, 41 NY2d 71, 77).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.