■ In the Matter of Robert J. Byrnes, Respondent, v County of Saratoga et al., Appellants, et al., Respondent. [674 NYS2d 463] —Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 28, 1997 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside a tax sale of real property.

This appeal stems from a tax sale proceeding whereby respondent County of Saratoga acquired certain real property owned by petitioner which was subsequently sold at public auction in March 1997 to respondent Harry Thomas. The property in question is an approximately four-acre parcel improved by a residence located in the Town of Galway, Saratoga County, which was originally conveyed to petitioner in September 1992. Following the purchase, petitioner failed to pay his 1993 real property taxes, resulting in an arrearage for that year. On August 20, 1993 a document, referred to as the "Notice of Pub-

lic Advertisement of Delinquent Property Taxes", was mailed to petitioner[1] which provided, in pertinent part, that:

"Our records indicate that your 1993 taxes are unpaid as of this date * * *

"New York State law requires the County Treasurer to advertise these delinquent taxes. Advertising of delinquent 1993 property taxes will start October 6, 1993 and continue through November 10, 1993 at which time the County of Saratoga will file a lien against the property * * *

"YOU MAY AVOID HAVING YOUR NAME ADVERTISED IN NEWSPAPERS FOR NONPAYMENT OF TAXES IF WE RECEIVE PAYMENT BY SEPTEMBER 20, 1993".

On October 6, 1993 a notice and list of delinquent taxpayers was published which stated that "[t]ax sale proceedings" pursuant to RPTL article 10 would be conducted on November 16, 1993, whereby the delinquent parcels would be sold to the County without competitive bidding. Petitioner was identified as one of the delinquent property owners and the paper listed the amount he owed to be $202.63.[2] Petitioner did not pay the taxes and remained in physical possession of the property, accumulating real property tax arrearages for each tax year from 1993 through 1996. On February 1, 1997, petitioner was informed that the property had been sold to the County and that if the arrearages for 1993 through 1996 were not satisfied within 30 days, the County would record a tax deed and the real property would be sold at the next public auction.

On March 26, 1997, the County filed a tax deed indicating that the real property had been sold to the County for taxes as of November 15, 1993. On April 7, 1997, petitioner attempted to satisfy the arrearages by paying $1,243.13. Although a receipt was issued indicating that petitioner had satisfied the debt, this payment was voided the next day on the basis that the real property had been sold to Thomas for $12,250 at auction on March 25, 1997 and the sale was pending final approval by the County Board of Supervisors, which was granted on April 15, 1997.

Petitioner subsequently commenced this CPLR article 78 proceeding seeking, *inter alia*, an order setting aside the sale and permitting petitioner to redeem the real property. Following joinder of issue, petitioner moved for summary judgment which was granted by Supreme Court on the basis that petitioner had received insufficient notice pursuant to RPTL

---

1. Petitioner conceded before Supreme Court that he received this notice.
2. Petitioner avers that he never saw the list published in the newspaper.

1002 (4) of the 1993 County tax sale. Supreme Court voided the sale *ab initio* and held that petitioner was entitled to redeem the real property. This appeal by respondents followed.[3]

In our view, Supreme Court properly held that the County's notice of tax sale was inadequate and a violation of petitioner's due process rights (*see, Hernandez v Haberle*, 160 AD2d 1049). It is beyond cavil that a property owner is entitled to notice of the pendency of tax sale proceedings (*see, S.A.B. Enters. v Stewart's Ice Cream Co.*, 187 AD2d 875, *lv denied* 81 NY2d 708; *see also, Mennonite Bd. of Missions v Adams*, 462 US 791, 798; *Law v Benedict*, 197 AD2d 808, 809). Notice is proper if it is "reasonably calculated, under all the circumstances, to apprise [the interested parties] of the pendency of the tax sale proceedings and afforded [them] an opportunity to present [their] objections" (*S.A.B. Enters. v Stewart's Ice Cream Co.*, *supra*, at 875-876). Although minor irregularities in tax sale proceedings are insufficient to set aside an otherwise valid sale, "all formal requirements governing tax sale proceedings must be scrupulously satisfied, because the result is divestiture of title to real property" (*Land v County of Ulster*, 84 NY2d 613, 616). Notably, the failure to substantially comply with the requirement of providing the taxpayer with proper notice constitutes a jurisdictional defect which operates to invalidate the sale or prevent the passage of title (*see, id.*).

Here, respondents maintain that the August 20, 1993 document sent to petitioner substantially complied with RPTL 1002 (4), which provides that: "The county treasurer shall also, prior to the commencement of publication required by [RPTL 1002 (1)], cause notice of such tax sale to be sent by first class mail to the name and address of the owner or occupant * * * [stating] that unless such amount is paid prior to the commencement of tax sale proceedings the parcel will be *sold*" (emphasis supplied).

Contrary to respondents' assertion, the August 1993 notice advising petitioner that his delinquency would be published in the newspaper and that a lien would be filed against the property did not provide the information required by RPTL 1002 (4). Moreover, it failed to provide a layperson such as petitioner with sufficient notice that a *sale* of his property was contemplated (*see*, RPTL 1008). Although respondents point out that the tax sale that occurred on November 15, 1993 was revocable, it cannot be ignored that respondents' August 1993 notice failed to even apprise petitioner of the time limit to prevent

---

3. Since Thomas has not appeared in this matter, all references to respondents are to the County and its employees named in the suit.

the sale as required by RPTL 1002 (4).[4] We cannot adopt respondents' interpretation that the phrase "filing a lien" is interchangeable with the "tax sale" language employed in RPTL 1002 (4). As the language in the County's notice did not provide petitioner with actual notice of the sale as required by statute, Supreme Court was correct in voiding the sale.

Nevertheless, we disagree with Supreme Court's decision to the extent that it directed that petitioner be permitted to redeem his property. Since we hold that the initial tax sale of November 16, 1993 was invalid, the County did not acquire a legal title it could convey to Thomas (*see, Seine Bay Realty v Jones*, 112 AD2d 573, 575; *see also, Matter of Peck v Groholy*, 131 AD2d 146) and there was no "tax sale" which would trigger any redemption rights (*see*, RPTL 1008 [1]). Moreover, to the extent that the petition sought a declaration that petitioner is the record owner of the property, we deem it appropriate to convert that portion of the petition to an action for declaratory judgment and grant the requested relief (*see, Seine Bay Realty v Jones, supra*; *see also*, CPLR 103 [c]). Needless to say, nothing herein contained shall be construed as invalidating the tax liens for the years in question or the interest and other fees that have lawfully accrued thereon, and we continue Supreme Court's limitation that this decision shall have no general retroactive application (*see, Matter of McCann v Scaduto*, 71 NY2d 164, 178).

Mikoll, J. P., Mercure, White and Spain, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by reversing so much thereof as directed that petitioner redeem the subject real property; proceeding is partially converted to an action for declaratory judgment and it is declared that petitioner is the record owner of said property; and, as so modified, affirmed.

4.  Interestingly, the October 1993 published notice more closely complied with RPTL 1002 (4) in that it at least included the fact that an actual tax sale was pending. However, constructive notice by publication cannot constitute a substitute for mailed notice under the statute given its limited chance of coming to the attention of interested parties (*see, Matter of McCann v Scaduto*, 71 NY2d 164, 174; *see also, Mennonite Bd. of Missions v Adams, supra*, at 799).