BRIDGEHAMPTON DEVELOPMENT CORP., Appellant, v COUNTY OF SUFFOLK et al., Respondents. [809 NYS2d 543]—

In a hybrid action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the plaintiff has the right to redeem certain real property, and a proceeding pursuant to CPLR article 78 to review a determination of the County of Suffolk and Patricia B. Zielenski, as Division Director of the Suffolk County Department of Planning, Division of Real Estate, dated April 9, 2004, which cancelled the redemption of the subject property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 27, 2004, which granted that branch of the motion of the County of Suffolk, and Patricia B. Zielenski, as Division Director of the Suffolk County Department of Planning, Division of Real Estate, which was to dismiss the joint complaint and petition insofar as asserted against them, and, in effect, granted the separate motion of Steven J. Macchio and Ralph Macchio to dismiss the joint complaint and petition insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the County of Suffolk, and Patricia B. Zielenski, as Division Director of the Suffolk County Department of Planning, Division of Real Estate, which was to dismiss the joint complaint and petition insofar as asserted against them is denied, the separate motion is denied, the joint complaint and petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

With regard to the plaintiff's action pursuant to RPAPL article 15, the Supreme Court erred in dismissing the complaint as time-barred pursuant to the three-year statute of limitations of Suffolk County Tax Act § 53. Where, as here, the plaintiff alleges that it did not receive actual notice of the pendency of tax delinquency proceedings against its real property in time to bring its action within the three-year period of Suffolk County Tax Act § 53, its challenge to the taxing authority's actions is not barred by the statute of limitations (*see Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 698-699 [1991], *cert denied* 503 US 906 [1992]). We note, however, that the present record is insufficient to evaluate the merits of the plaintiff's RPAPL article 15 claim. Among other things, the plaintiff alleges that the municipal defendants did not provide it with notice of the tax delinquency proceedings brought against its property, or of its right to redeem it. It further alleges that had those defendants conducted a reasonable search of the public record, they would have provided the plaintiff with the requisite notice. In response, the municipal defendants claim, inter alia, that the plaintiff failed to update its address on the public record, and that any failure to furnish the plaintiff with notice was the latter's fault.

The conduct of a party, while relevant, "does not excuse the enforcing officer from providing notice to those whose contact information is readily ascertainable" (*Kennedy v Mossafa*, 100 NY2d 1, 11 [2003]). As the Court of Appeals explained in *Matter of ISCA Enters. v City of New York, supra* at 698-699), "It is no longer true that an owner is chargeable with knowledge of all events affecting its property, a view exemplified by the rejected 'caretaker' theory of property ownership . . . Instead, the burden is on the party charged with giving notice, regardless of whatever 'fault' may be assigned to the delinquent taxpayer. As the Supreme Court made clear: 'knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending.' (*Mennonite Bd. v Adams*, 462 US 791, 800.)" Each case must be evaluated on its own particular set of facts, because

what is involved is a balancing of the government's interest in collecting delinquent property taxes, against those of the property owner in receiving notice (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]).

In this case, the municipal defendants failed to make a record demonstrating what efforts, if any, they made to comply with the applicable notice provisions. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for the development of a record that will permit the Supreme Court to evaluate the parties' conflicting contentions on their merits.

In dismissing the joint complaint and petition, the Supreme Court failed to address that part of the plaintiff's pleading which alleges a claim for relief under CPLR article 78. We express no view on that aspect of the matter, and instead leave it to be addressed, if necessary, by the Supreme Court, on remittal. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.