■ Peter G. Cafferty et al., Appellants, v John E. Cahill, as Real Property Tax Service Director for Broome County, et al., Respondents, et al., Defendants. [863 NYS2d 119]—

Malone Jr., J. Appeal from an order of the Supreme Court (Rumsey, J.), entered April 5, 2007 in Broome County, which, among other things, granted a motion by defendants John E. Cahill, Broome County Real Property Tax Service and County of Broome for summary judgment dismissing the complaint against them.

Plaintiffs commenced this RPAPL article 15 action to quiet title to certain parcels of property located in Broome County that were formerly owned by plaintiff Peter G. Cafferty. The properties had been sold in 2003 as the result of an RPTL article 11 in rem foreclosure proceeding commenced by defendant County of Broome to satisfy outstanding real property taxes owed by Cafferty.* Defendant John E. Cahill, defendant Broome

* Plaintiffs apparently appealed from the judgment of foreclosure but never perfected said appeal.

County Real Property Tax Service and the County (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them, as did various other defendants, and plaintiffs cross-moved to amend the complaint. Finding that the doctrines of res judicata and/or collateral estoppel precluded most of plaintiffs' claims and that the remaining claims were either time-barred or without merit, Supreme Court granted the motions and denied plaintiffs' cross motion. Plaintiffs now appeal.

As limited by their brief on appeal, to the extent that plaintiffs challenge defendants' purported failure to file an adequate and accurate list of delinquent taxes pursuant to RPTL 1122, which they claim deprived them of adequate notice of the RPTL article 11 proceeding and otherwise rendered the proceeding invalid, such claims were or should have been raised in the context of the earlier foreclosure proceeding. This is also true of plaintiffs' allegations that defendants fraudulently concealed certain facts and violated various ethical standards during the course of the prior proceeding. Accordingly, Supreme Court properly determined that the doctrines of res judicata and/or collateral estoppel precluded the relitigation of those claims (*see Corvetti v Town of Lake Pleasant*, 227 AD2d 821, 823 [1996]; *Culver v County of Rensselaer*, 139 AD2d 853, 854 [1988], *lv denied* 72 NY2d 807 [1988]). Contrary to plaintiffs' contention, Supreme Court did not abuse its discretion in denying their cross motion to amend the complaint inasmuch as the proposed amendments consisted of additional allegations of fraudulent or unethical conduct by defendants and such claims were either not the proper subjects of this RPAPL article 15 action (*see e.g. Rakosi v Perla Assoc.*, 3 AD3d 431 [2004]; *Vinokur v Penny Lane Owners Corp.*, 269 AD2d 226 [2000]; *see also* CPLR 5015 [a] [4]) or would be precluded by res judicata or collateral estoppel. Plaintiffs' remaining contentions have been reviewed and determined to be without merit.

Mercure, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.