State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  February 25, 2016                    521501
_____

LEWIS McCAULEY et al.,

             Appellants,

    v                                    MEMORANDUM AND ORDER

DANIEL J. HOLSER,

             Respondent,
             et al.,
             Defendants.

_____


Calendar Date:  January 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.


_____


     Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin
W. Gray of counsel), for appellants.

     Daniel J. Holser, Averill Park, respondent pro se.


_____


Garry, J.

     Appeal from that part of an order of the Supreme Court
(Elliott III, J.), entered January 13, 2015 in Rensselaer County,
which partially denied plaintiffs' cross motion for summary
judgment.

     Defendant Daniel J. Holser (hereinafter defendant) is the
owner of land in the Town of Poestenkill, Rensselaer County that
was previously owned by his father, Everett Holser (hereinafter
Holser), who died in 1997.  In 1955, Holser took title by deed to
eight parcels of land comprising a total of approximately 72
acres.  Rensselaer County tax authorities initially treated the
eight parcels separately for tax purposes, but subsequently
established new tax parcels with sizes and boundaries that no

longer corresponded to those set forth within the 1955 deed.  In 1976, one of these parcels was identified on the tax map with tax identification number 137-1-31, containing approximately 60 acres.  Parcel number 137-1-31 was thereafter divided into two parts, identified as 137-1-31.2 (hereinafter Parcel One) and 137-1-31.1, and is so shown on the 1983 tax map.  Holser continued to receive tax bills and pay taxes for 137-1-31.1, but the tax records for Parcel One began to list its owner as "unknown."

In 1985, Rensselaer County sent a letter to the owners of land adjacent to Parcel One — including Holser — that identified Parcel One by its tax identification number, stated that its owner was unknown and asked if the adjacent owners had an interest in it or could identify its owner.  This letter stated that real property taxes were delinquent and that tax foreclosure proceedings would soon be commenced.  A second, similar letter was sent to Holser and other adjacent owners in late 1987.  Handwritten notes in the County's records reveal that Holser responded to the 1987 letter by calling the County; he stated that he was only paying taxes on 24 acres when he owned approximately 72 acres, advised that he would be away for a few months, and provided his address and telephone number during his absence.  Additional notes in the County's records further indicate that another property owner called to report that Holser might be the owner of Parcel One and that a letter should be sent to his son, defendant.  The County then sent a letter to defendant stating that neighbors believed that Holser might own Parcel One and that the property was tax delinquent and subject to immediate foreclosure.  The records do not indicate whether defendant responded.

In 1988, Parcel One — described by its tax identification number and with its owner stated as unknown — was included in the County's recorded delinquent tax list.  Parcel One was thereafter included in a 1989 judgment of tax foreclosure and deeded to the County.  In May 1989, the County sent another letter to the owners of adjacent property, including Holser, advising that Parcel One was scheduled to be sold at public auction.  In June 1989, following the auction, Parcel One was deeded to the father of defendant Edward R. Clements.  In 1997, Parcel One was conveyed to Clements and his wife and, in 2003, they sold it to

plaintiffs via a warranty deed.

Plaintiffs commenced this action in 2013 pursuant to RPAPL article 15. As pertinent here, plaintiffs sought to quiet title to Parcel One against defendant, who had by then taken title to Holser's property by inheritance.[1] Following joinder of issue, defendant moved for summary judgment dismissing the complaint against him as to Parcel One and declaring any tax deed or ownership claim derived from such a deed to be void. Plaintiffs cross-moved for, among other things, summary judgment quieting title to Parcel One. Supreme Court denied defendant's motion and, as pertinent here, denied plaintiffs' cross motion, finding, among other things, triable issues of fact as to whether Holser was given the requisite notice of the tax foreclosure proceedings. Plaintiffs appeal.

Initially, we reject plaintiffs' contention that certain statements made by defendant in his pro se brief constitute admissions that he has no ownership interest in Parcel One.[2] The statements in question are premised, in part, on new factual assertions and evidentiary submissions that this Court cannot consider as they are not part of the appellate record. More significantly, we find that the disputed remarks were not intended to be concessions or admissions, but were challenges to the validity and definiteness of the County's identification of Parcel One at the time of the tax foreclosure proceedings.

Tax foreclosure proceedings enjoy a presumption of regularity that "includ[es] the assessment of the real property affected and all notices required by law" (RPTL 1137 [former RPTL 1136 (7)]; see Lin v County of Sullivan, 100 AD3d 1076, 1077 [2012]; Sendel v Diskin, 277 AD2d 757, 758 [2000], lv denied 96 NY2d 707 [2001]). The presumption becomes conclusive two years after the tax deed is recorded (see RPTL 1137 [former RPTL 1136

---

[1] Plaintiffs also sought to quiet title relative to another parcel not involved in this appeal.

[2] Defendant was represented by counsel in Supreme Court, but represented himself upon this appeal.

(7)]; Matter of City of Troy [Kingsley-Nationstar Mtge., LLC], 115 AD3d 1088, 1089-1090 [2014]). However, a due process challenge is not barred by the statute of limitations where a landowner had no actual notice of tax foreclosure proceedings during the prescriptive period (see Campbell v City of New York, 77 NY2d 688, 698 [1991], cert denied sub nom. Matter of ISCA Enters. v City of New York, 503 US 906 [1992]; Bridgehampton Dev. Corp. v County of Suffolk, 26 AD3d 308, 309 [2006]; Meadow Farm Realty Corp. v Pekich, 251 AD2d 634, 635 [1998], appeal dismissed 92 NY2d 946 [1998], lv denied 93 NY2d 802 [1999]). We agree with Supreme Court that issues of fact as to whether Holser received constitutionally sufficient notice that his property was subject to tax foreclosure proceedings preclude a determination that defendant's challenge to the validity of the tax sale is time-barred as a matter of law.

Due process is satisfied in tax foreclosure proceedings when "'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [proceeding] and afford them an opportunity to present their objections'" (Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; see Kennedy v Mossafa, 100 NY2d 1, 9 [2003]). Whether notice was constitutionally sufficient is determined through a flexible analysis of the reasonableness of the taxing authority's actions in each case, striking a balance between the governmental interest in tax collection and the property owner's interest in receiving adequate notice (see Matter of Harner v County of Tioga, 5 NY3d at 140; Matter of County of Clinton [Bouchard], 29 AD3d 79, 82 [2006]). The US Constitution does not require personal notice to a property's actual owner in every instance; due process instead obliges the taxing authority "to give reasonable notice to ascertainable interested parties under the circumstances" (Maple Tree Homes, Inc. v County of Sullivan, 17 AD3d 965, 966 [2005], appeal dismissed 5 NY3d 782 [2005]; see Congregation Yetev Lev D'Satmar v County of Sullivan, 59 NY2d 418, 422 [1983]; Matter of City of Hudson, 114 AD3d 1106, 1107-1108 [2014], appeal dismissed 23 NY3d 984 [2014], lv denied 24 NY3d 903 [2014]). Tax authorities are not required to make "extraordinary efforts," but they must make a reasonable attempt to determine the identities of such interested parties

(Congregation Yetev Lev D'Satmar v County of Sullivan, 59 NY2d at 426).  "[T]he assessor is charged with knowledge of facts which an examination of the real property and tax records reveals" (id. at 425), and a tax sale is "constitutionally infirm" when notice is not given to an owner whose identity could have been "readily ascertain[ed] from the real property records" (Seine Bay Realty v Jones, 112 AD2d 573, 574 [1985]).

Here, the inability of tax authorities to identify Parcel One's owner appears to have resulted solely from their own actions in revising and maintaining the tax records.  The evidence suggests that the County could have determined the identity of Parcel One's owner by examining its own previous tax bills and assessments, which would have shown that Holser owned the entirety of 137-1-31 before it was divided.  Further, it appears that an examination of County land records would have revealed that Holser had owned the underlying property since 1955, had not conveyed or subdivided Parcel One during the pertinent time period, and continued to be the only legal owner of record.  Therefore, there are issues of fact as to whether, with due diligence, the County could have determined from the real property records that Holser was the record owner of Parcel One and an "ascertainable interested part[y]" entitled to notice (Maple Tree Homes, Inc. v County of Sullivan, 17 AD3d at 966; see Seine Bay Realty v Jones, 112 AD2d at 574; compare Congregation Yetev Lev D'Satmar v County of Sullivan, 59 NY2d at 426-427; Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d 1206, 1208 [2014]).

As to whether Holser should have known that Parcel One was his property, the tax maps and bills in the record reveal that considerable confusion prevailed in County tax assessments, bills and tax maps as to the location and size of Parcel One, as well as that of the other parcels comprising Holser's real property. Copies of Holser's tax bills in the years before the foreclosure reveal multiple inconsistencies and discrepancies in the identification numbers, appraised value and stated acreage of Holser's parcels; the information in the tax bills varied from year to year and often did not correspond with either the County tax maps or the property deed descriptions.  County tax maps were also repeatedly revised in the years before and after the tax

foreclosure proceedings, and multiple changes were made in the boundaries of Parcel One and other parcels in the vicinity as depicted. Significantly, the size, shape and location of Parcel One as shown on the 1988 tax map — that is, at the time of the tax foreclosure — are different from what is shown on previous maps, and the boundaries of Parcel One were again revised in 1993 to correspond more closely with those shown on the pre-1988 maps. Plaintiffs themselves allege in their complaint that Parcel One's property description cannot be reconciled with County tax maps. Accordingly, there are issues of fact as to whether Parcel One was described with enough specificity and definiteness at the time of the tax foreclosure proceedings to put Holser on notice that his property was being foreclosed upon (compare Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378, 387 [1958]).

We further reject plaintiffs' contention that the County's letters were constitutionally sufficient as a matter of law to provide the requisite notice to Holser of the tax foreclosure proceeding. Initially, the letters did not purport to be notices that tax foreclosure proceedings had been commenced; instead, they merely inquire as to whether the recipients knew the owners of property that was at risk of future foreclosure. Further, "consideration is given to the conduct of the owner in evaluating the reasonableness of [a municipality's] notice efforts" (Matter of County of Clinton [Bouchard], 29 AD3d at 84 [internal quotation marks and citation omitted]; see Matter of Harner v County of Tioga, 5 NY3d at 140). The County's lack of knowledge of the owner of Parcel One did not result from any errors or omissions on Holser's part, but from actions by the County, of which Holser did not apparently have knowledge (compare Matter of Girrbach v Levine, 132 AD2d 41, 43-44 [1987]). The 1985 and 1987 letters seeking information as to Parcel One's ownership from adjacent owners identified it only by the tax identification number that was assigned after it had been divided from the previous larger parcel. Nothing in the record reveals whether Holser knew that a new tax identification number had been assigned to this portion of his property, or that he had any reason to suspect that the County had lost track of his ownership of the property, upon which he had previously paid taxes since 1955.

Plaintiffs contend that the County's letters should nevertheless have been sufficient to warn Holser that Parcel One might be his property and that action might be necessary to protect it from tax foreclosure.  However, "'[a] party's ability to take steps to safeguard its interests does not relieve [a municipality] of its constitutional obligation'" to provide notice (Seine Bay Realty v Jones, 112 AD2d at 575, quoting Mennonite Bd. of Missions v Adams, 462 US 791, 799 [1983]).  Even after the County identified Holser as a possible owner of Parcel One, it apparently failed to pursue that information by communicating directly with him.  As previously noted, Holser responded to the County's 1987 inquiry and provided an address where he could be reached.  Nonetheless, when the County later heard from the neighbor that Holser might own Parcel One, it did not use the contact information that Holser had provided; instead, the County wrote only to defendant, who had no ownership interest in Holser's property at that time.  Thereafter, although the County by now had reason to suspect that Holser might, at minimum, be an "interested part[y]" (Matter of Harner v County of Tioga, 5 NY3d at 140), it made no further efforts to contact him, did not name him as a party in the subsequent tax foreclosure proceedings, provided no personal notice to him, and continued to identify Parcel One's owner as "unknown" in the tax delinquency list and the judgment of foreclosure.  Finally, when the County wrote to Holser to advise him that Parcel One was scheduled for public auction, the letter did not describe Parcel One as his property, stating instead that the parcel was "adjacent to property owned by you."  In the context of the substantial confusion as to the ownership, location and description of Parcel One prevailing in the County's tax maps, assessments and bills during this period, we find issues of fact as to whether the County satisfied its constitutional obligation to determine the identities of interested parties and whether Holser's due process rights were violated by a failure of notice of the tax foreclosure proceedings (see Kiamesha Dev. Corp. v Guild Props., 4 NY2d at 387; Seine Bay Realty v Jones, 112 AD2d at 574-575).  Thus, Supreme Court properly denied plaintiffs' cross motion for summary judgment as to Parcel One.

-8-                        521501

Peters, P.J., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court