■ Martha G. Cafferty, as Executor of the Estate of Peter G. Cafferty, Deceased, Appellant, v County of Broome et al., Respondents. [57 NYS3d 738]—

Clark, J. Appeals (1) from an order of the Supreme Court (Tait, J.), entered March 22, 2016 in Broome County, which granted defendants' motion to dismiss the complaint, and (2) from an order of said court, entered August 12, 2016 in Broome County which, upon reargument, adhered to its prior decision.

In 1998, defendant County of Broome commenced a tax foreclosure proceeding against Peter G. Cafferty (hereinafter decedent), seeking to satisfy outstanding real property taxes owed by decedent on several parcels of real property. Decedent thereafter entered into an agreement with the County for payment of the delinquent taxes, and the County withdrew the

subject properties from the foreclosure proceeding. However, when decedent failed to comply with the terms of the agreement, the County moved for summary judgment seeking to foreclose on decedent's properties. Notwithstanding decedent's opposition, the County's motion was granted and a judgment of foreclosure was issued. On October 29, 2003, the County acquired title to the properties via a tax deed duly recorded in the Broome County Clerk's office. Decedent subsequently filed a notice of appeal from the judgment of foreclosure, but failed to perfect his appeal. Since entry of the judgment of foreclosure, either decedent or plaintiff, as the executor of decedent's estate after decedent's death in 2011, has unsuccessfully challenged the judgment of foreclosure (*see e.g. Matter of County of Broome*, 90 AD3d 1260 [2011]; *Cafferty v Cahill*, 27 Misc 3d 1215[A], 2007 NY Slip Op 52669[U] [2007], *affd* 53 AD3d 1007 [2008], *lv dismissed and denied* 11 NY3d 861 [2008]).

In September 2015, plaintiff commenced the present action, once again challenging the judgment of foreclosure. In lieu of answering, defendants moved to dismiss the complaint on the basis that plaintiff's claims were, among other things, time-barred. Supreme Court granted defendants' motion to dismiss, and plaintiff moved for reargument. Supreme Court granted reargument, but ultimately adhered to its original decision. Plaintiff now appeals from both the order dismissing her complaint and the order which, upon granting reargument, adhered to the original decision.*

We affirm. In a tax foreclosure proceeding, a tax deed "shall be presumptive evidence that the proceeding and all proceedings therein and all proceedings prior thereto . . . were regular and in accordance with all provisions of law relating thereto" (RPTL 1137; *see Matter of City of Troy [Kingsley— Nationstar Mtge., LLC]*, 115 AD3d 1088, 1089 [2014]). This presumption of regularity becomes conclusive two years after the tax deed is recorded and "[n]o proceeding to set aside such deed may be maintained unless the proceeding is commenced and a notice of pendency of the proceeding is filed . . . prior to the time that the presumption becomes conclusive" (RPTL 1137; *see McCauley v Holser*, 136 AD3d 1256, 1258 [2016]). Here, in support of their motion to dismiss the complaint as time-

---

* Although plaintiff appeals from the order dismissing her complaint in its entirety, she does not raise any arguments in her brief challenging the dismissal of her claim that defendant Robert G. Behnke, the Broome County Attorney, violated Judiciary Law § 487. Accordingly, we deem that aspect of the appeal abandoned (*see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 141 AD3d 785, 787 n 4 [2016]; *Adamec v Mueller*, 94 AD3d 1212, 1213 n 1 [2012], *lv denied* 20 NY3d 856 [2013]).

barred, defendants presented prima facie evidence establishing that the tax deed was duly recorded in October 2003 and, therefore, that plaintiff had commenced this action well after the presumption of regularity had become conclusive.

In opposition, plaintiff argued that her challenge to the judgment of foreclosure was not subject to any statute of limitations and could be raised at any time. More particularly, plaintiff asserted that the 2003 judgment of foreclosure was void because the foreclosure court lacked subject matter jurisdiction over the proceeding due to defendants' alleged failure to properly file and serve a petition reinstating the withdrawn tax foreclosure proceeding pursuant to RPTL 1138 (4) (d). However, plaintiff failed to allege the type of jurisdictional defect that would render the 2003 judgment of foreclosure a nullity (*see Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200, 203-204 [2013]; *Lacks v Lacks*, 41 NY2d 71, 74-75 [1976]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280 [2006], *appeal dismissed* 8 NY3d 837 [2007]; *Barnaby v Barnaby*, 226 AD2d 860, 861-862 [1996]). The foreclosure court unquestionably had the authority to adjudicate the underlying tax foreclosure proceeding (*see* RPTL 1120 [2]; *see generally Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d at 203; *Lacks v Lacks*, 41 NY2d at 74-75) and, as such, the jurisdictional defect alleged by plaintiff did not render the statute of limitations inapplicable (*see Turtle Is. Trust v County of Clinton*, 125 AD3d 1245, 1249 [2015], *lv denied* 26 NY3d 912 [2015]). Moreover, plaintiff failed to establish that decedent did not have actual notice of the underlying tax foreclosure proceeding (*see Campbell v City of New York*, 77 NY2d 688, 698 [1991], *cert denied* 503 US 906 [1992]; *McCauley v Holser*, 136 AD3d at 1258) or demonstrate the applicability of one of the other narrow exceptions to the conclusive presumption of regularity (*see e.g. George F. Weaver Sons Co. v Burgess*, 7 NY2d 172, 177 [1959]; *Aversano v Neal*, 130 AD2d 95, 97 [1987]). Accordingly, as plaintiff failed to raise an issue of fact as to the applicability and expiration of the statute of limitations, Supreme Court properly dismissed her first cause of action as time-barred and adhered to its determination upon reargument (*see Matter of City of Troy [Kingsley—Nationstar Mtge., LLC]*, 115 AD3d at 1090).

To the extent that any remaining arguments are properly before us, they have been examined and found to be without merit.

Peters, P.J., Garry, Lynch and Aarons, JJ., concur. Ordered that the orders are affirmed, without costs.