OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 When a county purchases tax-delinquent land pursuant to RPTL 1008 (3) — the statutory provision that permits such purchases to take place without competitive bidding — must the county treasurer issue a certificate of sale to the county
 
 (see,
 
 RPTL 1006 [2])? We answer that question, as did the Appellate Division, in the negative: failure to issue the County of Ulster a certificate of sale in the circumstances presented did not void the County’s purchase of petitioner’s property.
 

 This proceeding concerns two empty parcels of land in Woodstock for which petitioner owed respondent 1988 taxes in the amounts of $1,054.90 and $6,075.06, respectively. After passage of a resolution permitting purchase of tax-delinquent property by the County Treasurer without competitive bidding, the County Treasurer on September 29, 1989, purchased numerous parcels of tax-delinquent land, including petitioner’s, for the amounts due. Payment was effected through bookkeeping entry, rather than actual transfer of money, and no tax sale certificate was issued. Following expiration of the redemption period the properties were conveyed to the County by tax deeds, recorded April 1, 1992. The County then conditionally sold the parcels to respondents Stock and Gugliotta on April 24, 1992.
 

 Petitioner, who resided out of State, remained unaware of these developments until after the conditional sale. By letter dated May 27, 1992, and in a subsequent proceeding pursuant to RPAPL article 15, petitioner unsuccessfully sought cancellation of the sale of his property, alleging that the County Treasurer’s failure to issue to the County certificates of sale pursuant to RPTL 1006 (2) at the time of the September 29, 1989 purchase was a "jurisdictional defect” under
 
 Culspar, Inc. v County of Essex
 
 (119 Misc 2d 4, 7). A divided Appellate Division upheld the validity of the sale. Because we conclude that failure to issue a certificate of sale was not fatal to a
 
 *616
 
 valid conveyance of petitioner’s property, we affirm the Appellate Division order.
 

 RPTL 1026 (1) forbids conveyance of any lands sold for taxes if the county treasurer discovers, prior to transfer, that the sale "was for any cause invalid or ineffectual to give title to the real property sold.” In contending that failure to issue a tax sale certificate rendered the transfer of title a nullity, petitioner begins from the premise that all formal requirements governing tax sale proceedings must be scrupulously satisfied, because the result is divestiture of title to real property
 
 (Kiamesha Dev. Corp. v Guild Props.,
 
 4 NY2d 378, 389). In particular, every "material provision designed for the security [and protection] of the persons taxed” must be complied with in effecting a tax sale
 
 (Cruger v Dougherty,
 
 43 NY 107, 121). Because, however, not every requirement in the procedures governing tax sales is critical to the security and protection of the taxpayer, we recognized as well in
 
 Kiamesha
 
 that some irregularities are not so serious as to affect valid transfer of title or warrant setting aside of a tax sale
 
 (Kiamesha Dev. Corp.,
 
 4 NY2d, at 385).
 

 "Much confusion of thought has been caused by attempts to draw distinctions between irregularities [in tax sale proceedings] and so-called jurisdictional defects”
 
 (Saranac Land & Timber Co. v Roberts,
 
 208 NY 288, 311). Failure to comply substantially with requirements that inure to the benefit of the taxpayer, such as determination of whether delinquency even exists, whether the correct property was identified and whether notice was afforded the taxpayer, are examples of "jurisdictional” defects that operate to invalidate a sale or prevent passage of title
 
 (Saranac Land & Timber Co.,
 
 208 NY, at 311;
 
 Werking v Amity Estates,
 
 2 NY2d 43, 49;
 
 People ex rel. Boenig v Hegeman,
 
 220 NY 118, 122). Nonfatal defects, by contrast, include formal errors that do not affect the integrity, reliability or fairness of the transfer, such as affixing the incorrect seal to a warrant issued to the receiver of taxes
 
 (Boenig, supra)
 
 and minor errors in description that do not lead to misidentification of a parcel
 
 (Blum v Nassau Purch. & Bldg. Corp.,
 
 256 NY 232;
 
 McCoun v Pierpont,
 
 232 NY 66).
 

 The County’s failure to issue itself a tax sale certificate, if a defect at all, did not affect the validity of the transfer.
 

 Article 10, title 1 of the Real Property Tax Law governs tax sales by county treasurers to enforce collection of delinquent taxes. Conduct of a tax sale is governed by RPTL 1006.
 
 *617
 
 Competitive bids are received on the designated day by the county treasurer (RPTL 1006 [1]). Counties are empowered to bid on lands, and a successful competitive bid by a county has the same effect as that of an individual (RPTL 1008 [1]). The successful bidder is obligated to pay the amount of the bid within 48 hours of the close of the sale (RPTL 1006 [2]). A county purchasing lands from itself need not formally comply with this requirement, however; a bookkeeping entry rather than an actual cash transfer constitutes "payment” where buyer and seller are the same party
 
 (Matter of Ueck,
 
 286 NY 1, 13). Payment of the amount of the bid obligates the county treasurer to issue a "tax sale certificate” describing the parcel purchased, the amount paid, and the time when the purchaser will be entitled to a deed (RPTL 1006 [2]).
 

 Counties alone may follow an alternative course in purchasing tax-delinquent lands. Under RPTL 1008 (3), the county board of supervisors may dispense altogether with competitive bidding at a tax sale, and instead direct the county treasurer to purchase lands for the gross amount of delinquent tax due. In enacting this change, RPTL 1008 (3) was amended in 1973 to eliminate all reference to "bids,” instead authorizing outright "purchases” by the county (L 1973, ch 301). Moreover, by the 1973 amendment, the provisions of 1008 (3), when properly invoked, govern county land purchases "[notwithstanding any other provision of law,” indicating legislative intent that invocation of RPTL 1008 (3) overrides all other procedures dealing with noncompetitive bidding.
 

 While the County Treasurer indisputably failed to comply with the formal requirement of RPTL 1006 (2), issuance of a tax sale certificate was not required as a precondition to a valid sale. The County’s purchase took place pursuant to RPTL 1008 (3) rather than RPTL 1006, and therefore no "bid” was ever entered. The requirement that a certificate be issued is not triggered until a bid is accepted and payment made under RPTL 1006, a procedure not required here.
 

 Nor would the alleged benefits of the certificate of sale have reached the taxpayer
 
 (cf., Werking v Amity Estates,
 
 2 NY2d 43, 49,
 
 supra
 
 [sale notice provision "(w)ithout question * * * enacted for the benefit of the taxpayer”]). Rather, the required information on a tax sale certificate — the amount of the bid and the date of the sale — protects the
 
 purchaser
 
 by providing evidence of interest in the property pending expiration of the redemption period, after which the purchaser would be enti
 
 *618
 
 tied to a deed (RPTL 1018). Until such time as the deed is issued, the certificate is the purchaser’s proof of the sale.
 

 To the extent that the certificate incidentally provides information that is crucial to determination of a taxpayer’s right of redemption under RPTL 1010 where the county is the purchaser, that information is readily ascertainable from other sources. The purchase price will invariably be the gross amount of delinquent tax due (RPTL 1008 [3]), and was here set forth in the notice of sale. The date of the sale — and the commencement of the redemption period — was evidenced by the County Treasurer’s sworn statement attesting to the purchase of the lands on September 29,1989.
 

 Petitioner’s remaining contentions are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.
 

 Judges Simons, Titone, Bellacos a, Smith, Levine and Ciparick concur.
 

 Order affirmed, etc.