■ In the Matter of the Foreclosure of Tax Liens by Proceeding In Rem Pursuant to Article 11 of the Real Property Tax Law by the COUNTY OF SENECA, Respondent. MAXIM DEVELOPMENT GROUP, Appellant. [56 NYS3d 704]—

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), dated March 23, 2016. The order denied the motion of respondent to vacate a default judgment of foreclosure.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the judgment of foreclosure is vacated.

Memorandum: In this in rem tax foreclosure proceeding pursuant to RPTL article 11, respondent property owner appeals from an order denying its motion seeking, inter alia, to vacate a judgment of foreclosure entered upon default. We agree with respondent that the default judgment of foreclosure is jurisdictionally defective, and we therefore reverse the order and grant the motion.

"Under both the federal and state constitutions, the State may not deprive a person of property without due process of law" (*Matter of Harner v County of Tioga,* 5 NY3d 136, 140 [2005]; *see* US Const 14th Amend; NY Const, art I, § 6; *Kennedy v Mossafa,* 100 NY2d 1, 8-9 [2003]). " 'Due process does

not require that a property owner receive actual notice before the government may take his [or her] property' " (*Matter of City of Rochester [Duvall]*, 92 AD3d 1297, 1298 [2012], quoting *Jones v Flowers*, 547 US 220, 226 [2006]). "Rather, due process is satisfied by 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (*Duvall*, 92 AD3d at 1298, quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Kennedy*, 100 NY2d at 9). "To that end, each property owner is entitled to personal notice of the tax foreclosure proceeding, which is to be sent by both ordinary first class mail and by certified mail to the address contained in the public record" (*Lakeside Realty LLC v County of Sullivan*, 140 AD3d 1450, 1453 [2016], *lv denied* 28 NY3d 905 [2016]; *see* RPTL 1125 [1] [a], [b] [i]; *Matter of County of Herkimer [Moore]*, 104 AD3d 1332, 1333-1334 [2013]; *Matter of County of Ontario [Helser]*, 72 AD3d 1636, 1637 [2010]).

"[A]ll formal requirements governing tax sale proceedings must be scrupulously satisfied, because the result is divestiture of title to real property" (*Land v County of Ulster*, 84 NY2d 613, 616 [1994]). Thus, "the failure to substantially comply with the requirement of providing the taxpayer with proper notice constitutes a jurisdictional defect which operates to invalidate the sale or prevent the passage of title" (*Matter of Byrnes v County of Saratoga*, 251 AD2d 795, 797 [1998], citing *Land*, 84 NY2d at 616 [1998]). "Tax foreclosure proceedings enjoy a presumption of regularity, such that '[t]he tax debtor has the burden of affirmatively establishing a jurisdictional defect or invalidity in [such] proceedings' " (*Matter of County of Sullivan [Matejkowski]*, 105 AD3d 1170, 1171 [2013], *appeal dismissed* 21 NY3d 1062, quoting *Kennedy*, 100 NY2d at 8; *see* RPTL 1134; *Lakeside Realty LLC*, 140 AD3d at 1452). "Where . . . the proof exhibits an office practice and procedure followed in the regular course of business which shows that notices have been duly addressed and mailed, a presumption arises that those notices have been received by the party to whom they were sent" (*City of Yonkers v Clark & Son*, 159 AD2d 535, 536 [1990], *lv dismissed* 76 NY2d 845 [1990]; *see* RPTL 1134; *Matter of County of Herkimer [Jones]*, 34 AD3d 1327, 1328 [2006], *lv dismissed* 8 NY3d 955 [2007]; *Sendel v Diskin*, 277 AD2d 757, 758-759 [2000], *lv denied* 96 NY2d 707 [2001]).

Here, the gravamen of respondent's contention is that the default judgment of foreclosure is jurisdictionally defective

because petitioner did not substantially comply with the notice requirements of RPTL 1125 (*see* CPLR 5015 [a] [4]; *see generally Matter of Foreclosure of Tax Liens*, 144 AD3d 1033, 1034 [2016]). Respondent's submissions in support of its motion established that, in late summer 2015, it received correspondence from petitioner at respondent's offices in New Jersey, advising that respondent owed real estate taxes on property that it owned in Seneca County. Respondent's managing partner subsequently sent a letter to petitioner in which he disputed that respondent owed taxes on the property, but he received no response from petitioner. Respondent received a tax bill at its mailing address in New Jersey in early January 2016, but received no further correspondence from petitioner until approximately February 10, 2016, when it received a letter from the director of petitioner's Office of Real Property Tax Services (director), advising that the property would be sold at public auction on March 2, 2016. Respondent denied that it received a notice of petition and petition of foreclosure by either ordinary first class or certified mail.

In support of its assertion that it did not receive a notice of petition and petition of foreclosure, respondent submitted an October 2015 affidavit of service by mail sworn by the director, in which she stated that the notice and petition were served upon the parties entitled to notice "at the addresses contained in the attached" list, that the addresses on the list were "designated by [the parties] for that purpose," and that the notice and petition were served by depositing a "properly addressed" envelope with the post office. The affidavit of service by mail did not reference the requisite mailing by both certified mail and ordinary first class mail (*cf.* RPTL 1125 [1] [b] [i]). The list of addresses ostensibly attached to the affidavit of service provided the location of respondent's property as "Rte 89" in the Town of Seneca Falls, which is not a valid mailing address for the property (*cf.* RPTL 1125 [1] [b] [iv]), let alone respondent's proper mailing address in New Jersey. Furthermore, petitioner indisputably had notice of respondent's mailing address in New Jersey, as evidenced by correspondence from respondent to petitioner with respect to respondent's change of address following a prior vacatur of a judgment of foreclosure against the same property (*see* RPTL 1125 [1] [a] [i], [d]; *Maxim Dev. Group v Montezuma Props., LLC*, 2015 NY Slip Op 30143[U], *2-4 [2015]), and petitioner's mailings to respondent at that address prior to petitioner's attempt to serve respondent with the instant notice and petition. The affidavit of service by mail thus did not establish that the notice and petition were sent by both ordinary first class mail and certified

mail, nor did it establish that any mailing was sent to a proper address (*cf. Jones*, 34 AD3d at 1328).

In opposition to respondent's motion, petitioner submitted the affidavit of a clerk in the office of the Seneca County Treasurer, who averred that she had been responsible for addressing the mailings related to the tax foreclosure action and that she had prepared the certified and first class mailing envelopes for respondent at its New Jersey address, and the clerk attached photocopies of the envelopes to her affidavit. The clerk, however, did not state that she mailed those envelopes. Rather, she averred that, "as appears from the affidavit of mailing previously submitted herein," i.e., the affidavit of service by mail sworn by the director, the "envelopes were duly deposited with the U.S. Postage Service [sic] for mailing on October 19, 2015."

Thus, we conclude that respondent met its burden of establishing that petitioner did not substantially comply with the requirement of providing the taxpayer with proper notice of the foreclosure proceeding, inasmuch as the statutorily-required affidavit of service by mail pursuant to RPTL 1125 (3) (a) did not state that the notice and petition were mailed by both certified mail and ordinary first class mail (*see* RPTL 1125 [1] [b] [i]), or that the notice and petition were sent to respondent's address (*see* RPTL 1125 [1] [a] [i]). Moreover, the clerk's affidavit submitted by petitioner, read in conjunction with the director's affidavit of service by mailing, did not establish that the notice was duly addressed and mailed to respondent, and thus did not give rise to a presumption that notice was received by respondent (*cf. City of Yonkers*, 159 AD2d at 536). We therefore conclude that Supreme Court erred in denying respondent's motion to vacate the judgment of foreclosure inasmuch as it is jurisdictionally defective (*see Land*, 84 NY2d at 616; *Byrnes*, 251 AD2d at 797). Present—Centra, J.P., Peradotto, Lindley, Curran and Scudder, JJ.