Matter of The Foreclosure of Tax Liens By Proceeding In Rem Pursuant To Art. 11 of The Real Prop. Tax Law By The City of Utica (Suprunchik) (2019 NY Slip Op 01020)





Matter of The Foreclosure of Tax Liens By Proceeding In Rem Pursuant To Art. 11 of The Real Prop. Tax Law By The City of Utica (Suprunchik)


2019 NY Slip Op 01020


Decided on February 8, 2019


Appellate Division, Fourth Department


Troutman, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1088 CA 18-00641

[*1]IN THE MATTER OF THE FORECLOSURE OF TAX LIENS BY PROCEEDING IN REM PURSUANT TO ARTICLE 11 OF THE REAL PROPERTY TAX LAW BY THE CITY OF UTICA, PETITIONER-RESPONDENT; VLADIMIR SUPRUNCHIK, RESPONDENT-APPELLANT.






DAVID G. GOLDBAS, UTICA, FOR RESPONDENT-APPELLANT. 
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (KATHRYN HARTNETT OF COUNSEL), FOR PETITIONER-RESPONDENT. 


Troutman
 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered January 25, 2018. The order, insofar as appealed from, denied that part of respondent's application seeking to vacate that portion of a judgment of foreclosure that deemed respondent's personal property located at a foreclosed property to be abandoned to petitioner. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the application is granted in part, and the judgment of foreclosure, entered February 24, 2016, is vacated insofar as it deems the personal property of respondent abandoned to petitioner.
Opinion by Troutman, J.:
The issue before us is whether Supreme Court erred in denying that part of respondent's application that sought to vacate for lack of jurisdiction a default judgment, entered in a tax foreclosure proceeding pursuant to RPTL article 11, insofar as that judgment deemed abandoned certain items of personal property belonging to respondent. We hold that the court erred in denying the application to that extent. Accordingly, the order insofar as appealed from should be reversed, the application granted in part, and the judgment vacated insofar as it deems the personal property of respondent abandoned to petitioner.
I
Respondent operated a business dismantling automobiles in a building located on a parcel of real property in petitioner, City of Utica. Inside the building were hundreds of auto parts belonging to respondent. The parcel, which was owned by a third party, became subject to an in rem tax foreclosure proceeding commenced by petitioner. According to the petition and notice of foreclosure, the proceeding was "brought against the real property only" and, if an interested party defaulted, that party would be "forever barred and foreclosed of all his or her right, title and interest and equity of redemption in and to the parcel . . . and a judgment of foreclosure [could] be taken by default." The owner of the parcel defaulted, and the court entered a default judgment on February 24, 2016, which, inter alia, awarded possession of the parcel of real property, as well as "all items of personal property thereon[] deemed abandoned," to petitioner. Thereafter, petitioner contracted with a salvage company to remove and dispose of respondent's personal property.
Respondent attempted to reclaim his personal property during subsequent proceedings in Bankruptcy Court. When those attempts were unsuccessful, he made an application in Supreme Court by order to show cause entered December 18, 2017 for, among other things, an order vacating for lack of jurisdiction that part of the judgment that deemed his personal property abandoned. Petitioner opposed the application on various grounds, contending, inter alia, that [*2]the application was time-barred pursuant to the one-month limitations period set forth in RPTL 1131. The court denied the application.
II
We agree with respondent that his application is timely. The section upon which petitioner relies, RPTL 1131, provides:
"In the event of a failure to redeem or answer by any person having the right to redeem or answer, such person shall forever be barred and foreclosed of all right, title, and interest and equity of redemption in and to the parcel in which the person has an interest and a judgment in foreclosure may be taken by default as provided by [RPTL 1136 (3)]. A motion to reopen any such default may not be brought later than one month after entry of the judgment."
That section, by its own terms, applies only to a default "as provided by" RPTL 1136 (3), which subdivision empowers the court, upon the taxpayer's default, to enter a judgment awarding the tax district "possession of any parcel of real property described in the petition of foreclosure." Thus, the one-month limitations period applies only to an application to reopen a default judgment with respect to a parcel of real property described in an underlying petition of foreclosure. It does not apply where, as here, the application seeks to vacate for lack of jurisdiction a provision in a judgment disposing of personal property not described in the petition.
Petitioner contends that public policy demands finality for default judgments in tax foreclosure proceedings. Otherwise, petitioner contends, municipalities will be left vulnerable to liability for damage to personal property left behind on parcels of real property that are subject to such proceedings. We emphasize, however, that the issues before us in this appeal do not implicate whether and to what extent municipalities may be held liable for damage to personal property under such circumstances. We must decide only whether respondent's application was timely and whether the court had jurisdiction to enter a judgment disposing of personal property.
III
With respect to the latter, we agree with respondent that the court lacked jurisdiction to dispose of personal property. Supreme Court may exercise in rem jurisdiction over real property in a proceeding to foreclose a tax lien (see RPTL 1120 et seq.). A proceeding of that kind "produces a judgment binding only on those who have been named as parties and duly notified—the usual understanding of what due process requires" (Siegel & Connors, NY Prac § 101 at 216 [6th ed 2018]). " [T]he failure to substantially comply with the requirement of providing the taxpayer with proper notice constitutes a jurisdictional defect which operates to invalidate the sale or prevent the passage of title' " (Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1612 [4th Dept 2017]). Here, petitioner did not provide notice to respondent with respect to respondent's personal property and could not have done so. The notice procedures in the statute relate to real property only, not personal property (see RPTL 1122-1125). Moreover, RPTL article 11 does not contain a mechanism by which the tax district may obtain a party's personal property upon that party's default. In the event of a default, the tax district is awarded "possession of any parcel of real property described in the petition of foreclosure" and is entitled to a deed conveying to the tax district full and complete title to the parcel (RPTL 1136 [3] [emphasis added]). Upon the execution of the deed, any person with a right or interest "in or upon such parcel shall be barred and forever foreclosed" of that right or interest (id. [emphasis added]).
Nothing in RPTL article 11 confers upon Supreme Court in rem jurisdiction over personal property. Indeed, there is only one reference to personal property in the entire article: "Proceedings to enforce collection by distress and sale of personal property or other means of compulsory collection shall not be a condition precedent to the remedies provided in this article" (RPTL 1156 [2]). That language acknowledges that in rem tax foreclosure proceedings under RPTL article 11 are distinct from any proceedings against personal property. RPTL article 11 does not grant jurisdiction over personal property located on a parcel of real property that is the subject of an in rem tax foreclosure proceeding, nor does it permit the tax district to obtain a judgment awarding the tax district such personal property.
It follows that, here, to the extent the court awarded possession of respondent's personal property to petitioner in the judgment of foreclosure, the court acted in excess of its jurisdiction. Therefore, the court erred in denying that part of respondent's application to vacate the judgment insofar as it made that award (see
CPLR 5015 [a] [4]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court