Matter of Foreclosure of Tax Liens By Proceeding In Rem Pursuant To Art. 11 of The Real Prop. Tax Law By The County of Ontario (Duvall) (2019 NY Slip Op 01033)





Matter of Foreclosure of Tax Liens By Proceeding In Rem Pursuant To Art. 11 of The Real Prop. Tax Law By The County of Ontario (Duvall)


2019 NY Slip Op 01033


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1246 CA 18-00635

[*1]IN THE MATTER OF THE FORECLOSURE OF TAX LIENS BY PROCEEDING IN REM PURSUANT TO ARTICLE 11 OF THE REAL PROPERTY TAX LAW BY THE COUNTY OF ONTARIO. COUNTY OF ONTARIO, PETITIONER-RESPONDENT; CORI DUVALL, RESPONDENT-APPELLANT. 






THE LEGAL AID SOCIETY OF ROCHESTER, ROCHESTER (ZACHARY J. PIKE OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JASON S. DIPONZIO, ROCHESTER, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered July 7, 2017 in a proceeding pursuant to RPTL article 11. The order denied respondent's motion seeking, inter alia, to vacate a default judgment of foreclosure. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this in rem tax foreclosure proceeding pursuant to RPTL article 11, respondent property owner appeals from an order denying her motion seeking, inter alia, to vacate the judgment of foreclosure entered upon her default. As pertinent here, RPTL 1131 provides that a motion to vacate a default judgment "may not be brought later than one month after entry of the judgment." Contrary to respondent's contention, "the statute of limitations set forth in RPTL 1131 applies even where, as here, the property owner asserts that he or she was not notified of the foreclosure proceeding" (Matter of County of Herkimer [Moore], 104 AD3d 1332, 1333 [4th Dept 2013]; see Lakeside Realty LLC v County of Sullivan, 140 AD3d 1450, 1452 [3d Dept 2016], lv denied 28 NY3d 905 [2016]; Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d 1206, 1207 [3d Dept 2014]). Because the default judgment was entered on March 7, 2017, but respondent did not seek relief until May 16, 2017, Supreme Court properly denied respondent's motion as untimely.
In addition, we reject respondent's contention that, because petitioner failed to comply with the notice requirements of RPTL 1125, the court lacked jurisdiction to issue the default judgment of foreclosure (see generally Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1612 [4th Dept 2017]). Even assuming, arguendo, that respondent's contention is preserved for our review, we conclude that the affidavit of posting, service and publication signed by the Ontario County Treasurer, read in conjunction with the affidavit of the Treasurer submitted in opposition to respondent's motion, establishes that notice of the foreclosure proceeding was duly mailed to respondent by both certified and first class mail, as required by RPTL 1125 (1) (b) (i) (cf. Maxim Dev. Group, 151 AD3d at 1614). Although petitioner erroneously sent notice to respondent at an incorrect and nonexistent address, it also sent notice to her at the correct address, and "[t]he failure of an intended recipient to receive any such notice shall not invalidate any tax or prevent the enforcement of the same as provided by law" (RPTL 1125 [3] [b]). Finally, respondent failed to preserve her contention that the court should have vacated the default judgment in the interests of substantial justice (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court