Wilczak v City of Niagara Falls (2019 NY Slip Op 05886)





Wilczak v City of Niagara Falls


2019 NY Slip Op 05886


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


460 CA 18-02141

[*1]SEAN P. WILCZAK, PLAINTIFF-APPELLANT,
v
CITY OF NIAGARA FALLS, DEFENDANT-RESPONDENT. 






LAW OFFICES OF JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS (MATTHEW J. BIRD OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (THOMAS M. O'DONNELL OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Daniel Furlong, J.), entered May 18, 2018. The order and judgment granted the motion of defendant to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In June 2015, defendant commenced an in rem tax foreclosure proceeding on various properties, including two properties owned by plaintiff (subject properties). Defendant thereafter obtained a default judgment of foreclosure directing that the subject properties be transferred to defendant, and the deeds were recorded on January 20, 2016. In December 2017, plaintiff commenced this action pursuant to RPTL 1137 seeking, inter alia, to set aside those deeds and to recover monetary damages. Defendant moved to dismiss the complaint pursuant to various provisions of the CPLR, the Niagara Falls City Charter, and the General Municipal Law. Supreme Court granted the motion, and plaintiff appeals. We note that, inasmuch as the court failed to set forth its reasons for granting the motion, the parties do not know whether the court granted the motion based on some or all of the grounds raised by defendant (see O'Hara v Holiday Farm, 147 AD3d 1454, 1454 [4th Dept 2017]).
We reject plaintiff's contention that the court erred in dismissing the first and fourth causes of action, which alleged that plaintiff did not owe any delinquent taxes on the subject properties and that defendant failed to comply with the notice provisions of RPTL 1125. Defendant established that these causes of action should be dismissed for failure to state a cause of action pursuant to CPLR 3211 (a) (7). "When ruling on a motion to dismiss pursuant to CPLR 3211 (a) (7), it is well settled that the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Lin v County of Sullivan, 100 AD3d 1076, 1076-1077 [3d Dept 2012], quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). "Thus, [a]ffidavits and other evidentiary material may be considered to establish conclusively that [the] plaintiff has no cause of action" (Lin, 100 AD3d at 1077; see Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 91 [4th Dept 2015]).
First, defendant established through documentary evidence that plaintiff's properties were delinquent on taxes. RPTL 1123 (1) provides that a petition for foreclosure is permissible for properties that are tax delinquent for 21 months. Defendant submitted evidence that, as of the date of the filing of the tax foreclosure proceeding on June 22, 2015, plaintiff was delinquent on the subject properties inasmuch as he owed taxes from 2012.
Second, defendant established that it complied with the notice provisions of RPTL 1125. " Under both the federal and state constitutions, the State may not deprive a person of property [*2]without due process of law' " (Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1611 [4th Dept 2017], quoting Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005]). "Due process does not require that a property owner receive actual notice before the government may take his [or her] property" (Maxim Dev. Group, 151 AD3d at 1611-1612 [internal quotation marks omitted]). "Rather, due process is satisfied by notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (id. at 1612 [internal quotation marks omitted]).
Pursuant to RPTL 1125 (1) (a) (i) and (b) (i), defendant was required to send notice of the foreclosure proceeding by both certified and ordinary first class mail to the owner whose interest was a matter of public record on the date the list of delinquent taxes was filed (see Maxim Dev. Group, 151 AD3d at 1612; Lin, 100 AD3d at 1078). "The notice . . . shall consist of (a) a copy of the petition and, if not substantially the same as the petition, the public notice of foreclosure" (RPTL 1125 [2]). "An affidavit of mailing of such notice shall be executed" (RPTL 1125 [3] [a]). Such notice is "deemed received unless both the certified mailing and the ordinary first class mailing are returned by the United States postal service within forty-five days after being mailed" (RPTL 1125 [1] [b] [i]; see Lin, 100 AD3d at 1078).
Here, defendant's documentary submissions conclusively showed that plaintiff was provided with the proper notice pursuant to RPTL article 11 (see Lin, 100 AD3d at 1077). Defendant submitted the affidavit of mailing of its billing supervisor and a copy of the petition and notice of foreclosure. The billing supervisor averred that, on July 6, 2015, he deposited with the United States postal service one set of postage prepaid certified letters and one set of postage prepaid letters containing a copy of the petition and notice of foreclosure addressed to the last known address of each owner of property appearing on the list of delinquent taxes as they appeared upon the records of the City Controller. Defendant submitted copies of the notices of tax foreclosure that were sent to plaintiff, informing him that the subject properties were part of the petition and notice of foreclosure. Both notices were addressed to plaintiff at an address that he does not dispute is his mailing address. Defendant also submitted its mailing book, which showed that the certified mail packet was mailed to plaintiff at that address, and defendant's deputy corporation counsel averred that neither the regular nor the certified mailings to plaintiff were returned.
" Where[, as here,] the proof exhibits an office practice and procedure followed in the regular course of business which shows that notices have been duly addressed and mailed, a presumption arises that those notices have been received by the party to whom they were
sent' " (Maxim Dev. Group, 151 AD3d at 1612; see Sendel v Diskin, 277 AD2d 757, 758-759 [3d Dept 2000], lv denied 96 NY2d 707 [2001]). Although plaintiff averred in opposition to the motion that "at no time did he receive a letter or notice at his home address or at either property address notifying him of the foreclosure action[,]" we note that the "denial of receipt of such notice, alone, is insufficient to rebut [the] presumption" that plaintiff received such notice (Lin, 100 AD3d at 1079; see Sendel, 277 AD2d at 759).
We further reject plaintiff's contention that the court erred in dismissing the second cause of action, which sought equitable relief. We conclude that this cause of action was also properly dismissed pursuant to CPLR 3211 (a) (7). "A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948, 948 [2d Dept 2009]; see Meadowlands Portfolio, LLC v Manton, 118 AD3d 1439, 1440 [4th Dept 2014]; Thompson v Naish, 93 AD3d 1203, 1204 [4th Dept 2012]). "Once equity is invoked, the court's power is as broad as equity and justice require" (Norstar Bank v Morabito, 201 AD2d 545, 546 [2d Dept 1994]). "Thus, a court may rely on its inherent authority to vacate [a judgment] in the interest of substantial justice, rather than its statutory authority . . .' as the statutory grounds are subsumed by the court's broader inherent authority' " (U.S. Bank N.A. v Losner, 145 AD3d 935, 938 [2d Dept 2016]). Here, however, plaintiff never sought to reopen the default judgment of foreclosure pursuant to RPTL 1131 and was therefore not entitled to consideration of equitable relief (see Matter of County of Wayne [Schenk], 169 AD3d 1501, 1502-1503 [4th Dept 2019]).
Finally, we reject plaintiff's contention that the court erred in dismissing the third cause of action, which sought monetary damages of $10,000 for the loss of personal property that [*3]defendant removed from the subject properties. Assuming, arguendo, that defendant would be liable for the taking of the personal property (see Matter of City of Utica [Suprunchik], 169 AD3d 179, 182 [4th Dept 2019]), we agree with defendant that this cause of action was properly dismissed pursuant to General Municipal Law § 50-e (1) (a) because plaintiff failed to file a notice of claim (see § 50-i [1] [a]) and pursuant to CPLR 3211 (a) (5) because the cause of action was time-barred. A cause of action for conversion arose for the personal property contained within the subject properties on January 20, 2016, when defendant recorded the deed conveying the subject properties to it and placed locks on the subject properties (see Della Pietra v State of New York, 125 AD2d 936, 937-938 [4th Dept 1986], affd 71 NY2d 792 [1988]; Matter of White v City of Mount Vernon, 221 AD2d 345, 346 [2d Dept 1995]). Therefore, plaintiff was required to file a notice of claim against defendant within 90 days (see General Municipal Law § 50-e [1] [a]) and to commence this action within one year and 90 days (see CPLR 217-a), neither of which he did.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court