Matter of City of Utica (Martin) (2019 NY Slip Op 06319)





Matter of City of Utica (Martin)


2019 NY Slip Op 06319


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


661 CA 18-02305

[*1]THE REAL PROPERTY TAX LAW BY CITY OF UTICA. CITY OF UTICA, PETITIONER-APPELLANT; KERRY G. MARTIN, RESPONDENT-RESPONDENT.






WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (MERIMA SMAJIC OF COUNSEL), FOR PETITIONER-APPELLANT.


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered August 8, 2018. The order conditionally granted respondent's motion to vacate a default judgment of foreclosure. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Petitioner commenced this in rem tax foreclosure proceeding pursuant to RPTL article 11 seeking to foreclose delinquent tax liens on property owned by respondent. Petitioner obtained a default judgment of foreclosure, and respondent thereafter moved to vacate the default judgment and for sufficient time to pay the outstanding taxes. Petitioner appeals from an order that, in effect, granted the motion by directing that the judgment of foreclosure be vacated, and title of the property be transferred to respondent, if respondent paid the outstanding taxes by a certain date. We agree with petitioner that Supreme Court erred in granting the motion, and we therefore reverse.
A motion to reopen a default judgment of tax foreclosure "may not be brought later than one month after entry of the judgment" (RPTL 1131; see Matter of County of Wayne [Schenk], 169 AD3d 1501, 1502 [4th Dept 2019]; Matter of County of Ontario [Helser], 72 AD3d 1636, 1637 [4th Dept 2010]). Here, respondent's motion was brought outside that time limitation, and there is no basis to conclude that respondent was not required to bring the motion within the applicable time period. Respondent contended in the motion court that his failure to bring a timely motion was excusable because he was denied due process by petitioner's failure to provide him with adequate notice of the pending foreclosure. The record, however, establishes that petitioner afforded respondent due process, which "is satisfied by notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1612 [4th Dept 2017] [internal quotation marks omitted]).
In addition, the court erred in determining that it had discretion to grant the motion seeking to vacate the underlying judgment of foreclosure "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Matter of County of Genesee [Spicola], 125 AD3d 1477, 1477 [4th Dept 2015], lv denied 25 NY3d 904 [2015]). RPTL 1131 "provides, in unambiguous and prohibitory language, that [a] motion to reopen any such default may not be brought later than one month after entry of the judgment' " (Schenk, 169 AD3d at 1503; see Matter of County of Ontario [Duvall], 169 AD3d 1508, 1508 [4th Dept 2019]), and thus "the exercise of such discretion [is] available to the courts only upon consideration of a timely motion" (Schenk, 169 AD3d at 1502-1503; see e.g. Matter of County of Genesee [Butlak], 124 AD3d 1330, 1331 [4th Dept 2015], lv denied 25 NY3d 904 [*2][2015]; Matter of County of Livingston [Mort], 101 AD3d 1755, 1755-1756 [4th Dept 2012], lv denied 20 NY3d 862 [2013]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court