Matter of County of Oswego (Gardner) (2019 NY Slip Op 06950)





Matter of County of Oswego (Gardner)


2019 NY Slip Op 06950


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


897 CA 19-00470

[*1]NEW YORK BY THE COUNTY OF OSWEGO. KEVIN L. GARDNER, IN HIS OFFICIAL CAPACITY AS OSWEGO COUNTY TREASURER, PETITIONER-RESPONDENT; CHARLES R. TRUST, JR., RESPONDENT-APPELLANT.






AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (AMANDA M. THOMSON OF COUNSEL), FOR RESPONDENT-APPELLANT.
RICHARD C. MITCHELL, COUNTY ATTORNEY, OSWEGO, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered September 5, 2018. The order denied respondent's motion to vacate the default judgment of foreclosure entered April 25, 2016. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this in rem tax foreclosure proceeding pursuant to RPTL article 11 seeking to foreclose delinquent tax liens on the subject property. Petitioner subsequently sought and obtained a default judgment of foreclosure that was entered in April 2016. In July 2018, respondent moved for, inter alia, vacatur of the judgment. Supreme Court denied the motion, and we affirm. "A motion to reopen a default judgment of tax foreclosure may not be brought later than one month after entry of the judgment" (Matter of County of Herkimer [Moore], 104 AD3d 1332, 1333 [4th Dept 2013] [internal quotation marks omitted]; see RPTL 1131). Here, the motion was time-barred inasmuch as it was brought more than one month after entry of the default judgment of foreclosure (see Matter of County of Ontario [Duvall], 169 AD3d 1508, 1508 [4th Dept 2019]; Moore, 104 AD3d at 1333).
Respondent contends that the court lacked jurisdiction to issue the default judgment of foreclosure because petitioner failed to comply with the notice requirements of RPTL 1125. We reject that contention (see Duvall, 169 AD3d at 1508-1509; Moore, 104 AD3d at 1333-1334). Pursuant to RPTL 1125 (1) (a) (i) and (b) (i), petitioner was required to send notice of the foreclosure proceeding by both certified mail and ordinary first class mail to the owner whose interest was a matter of public record on the date the list of delinquent taxes was filed (see Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1612 [4th Dept 2017]). "[T]he failure to substantially comply with the requirement of providing the taxpayer with proper notice constitutes a jurisdictional defect which operates to invalidate the sale or prevent the passage of title" (id. [internal quotation marks omitted]). Here, petitioner established that he substantially complied with the notice requirements of RPTL 1125 (see Matter of County of Herkimer [Jones], 34 AD3d 1327, 1328 [4th Dept 2006], lv dismissed 8 NY3d 955 [2007]).
Respondent's contention that the court should have vacated the default judgment of foreclosure pursuant to CPLR 5015 (a) (1) and (3) is not preserved for our review (see PNC Bank, N.A. v Harmonson, 154 AD3d 1347, 1348 [4th Dept 2017]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, we conclude that his contention [*2]is without merit (see Matter of Foreclosure of Tax Liens, 144 AD3d 1033, 1034-1035 [2d Dept 2016]). Finally, respondent contends that the default judgment of foreclosure should be vacated in the interests of substantial justice because there is no prejudice to petitioner. We conclude that such relief cannot be granted where, as here, the motion to vacate was untimely (see Matter of County of Wayne [Schenk], 169 AD3d 1501, 1502-1503 [4th Dept 2019]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court